UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARTHA S. ESPIRITU,<br><br>                          Plaintiff,<br>v.<br>CAPITAL ONE, N.A.,<br><br>                          Defendants. | Case No. 2:15-cv-01933-JAD-PAL<br><br>ORDER<br><br>(Mot Consolidate – Dkt. #7) |

Before the court is Plaintiff's Motion to Consolidate for All Purposes (Dkt. #7). The court has considered the motion, Defendant Pintar Investment Company Residential, L.P.'s ("Pintar") Opposition to Motion to Consolidate (Dkt. #18), and Plaintiff's Reply (Dkt. #23).

## BACKGROUND

**I.      The Complaint.**

The Complaint in this case was filed in state court and removed (Dkt. #1) by Defendant Capital One, N.A. ("Capital One") October 8, 2015. The complaint alleges that Espiritu is the owner and resident of real property located at 10659 Mystic Seaport Avenue in Las Vegas, Nevada. Complaint (Dkt. #1-1) ¶8. She purchased the property January 17, 2003, and has owned and occupied the property since. *Id.* ¶9. In 2014, she fell behind on her payments on the property and worked with the claimed holder of the deed of trust, Capital One, to negotiate repayment terms. *Id.* ¶¶11-12.

Plaintiff alleges "on information and belief" that Capital One is not the proper holder of the underlying note and deed of trust for the property. *Id.* Each time Espiritu spoke with a representative of Capital One, she was assured Capital One was trying to help her and submitted in good faith multiple documents to renegotiate terms for payment. *Id.* ¶¶13-14. However, unknown to her, Capital One, through its agent or trustee, Quality, sold the property at a

1

foreclosure to Pintar. *Id.* ¶14. On information and belief, she did not receive proper notice pursuant to NRS 107.080, NRS 107.086 and NRS 107.087. *Id.* ¶15. On information and belief, she had over $150,000 in equity in the property at the time of the foreclosure sale. *Id.* ¶16. She received an informal notice that the property had been sold at foreclosure on July 22, 2015. *Id.* ¶17. She alleges the informal notice improperly stated the date it was posted. *Id.* Based on these allegations, the complaint asserts claims for wrongful foreclosure, negligence, and seeks a declaratory judgment against the Defendants as well as injunctive relief, damages in excess of $10,000, statutory damages under NRS 107.080(7), punitive damages, and attorney's fees and costs.

**II.     The Notice of Removal.**

The notice of removal indicates this case was removed pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interests and costs, and the action is between citizens of different states. Plaintiff's Petition for Removal (Dkt. #1) ¶6. Plaintiff is a citizen and resident of Nevada. *Id*. ¶7. Capital One is a national association with its principal place of business in the Commonwealth of Virginia. *Id.* The amount in controversy exceeds $75,000 because the fair market value of the property involved in Plaintiff's complaint is $216,000. *Id.* ¶8. The court has supplemental jurisdiction over Plaintiff's state law claims for purported violations of NRS 107.086 and 107.087. *Id.* ¶9.

**III.    The Motion to Consolidate.**

In the current motion, Espiritu seeks to consolidate this case with a case filed in the Eighth Judicial District Court, Case No. A-15-725332-C, *Pintar Investment Company Residential, L.P. v. Espiritu* ("Pintar Complaint"). The Pintar Complaint was filed in state court August 25, 2015, and involves the same residential property involved in the foreclosure at issue in this action. The Pintar Complaint seeks possession of the property. The court should therefore order consolidation of both actions under Fed. R. Civ. P. 42(a), as both actions seek to determine the parties' interests in the subject property.

Pintar opposes the motion to consolidate arguing it is premature. Plaintiff Espiritu filed this action in state court on October 27, 2015, after Pintar filed an unlawful detainer action in

2

1  state court September 30, 2015, seeking to evict Espiritu and gain possession of the property.
2  Espiritu filed a petition to remove Pintar's case against her November 10, 2015, which is now in
3  this court as Case No. 2:15-cv-02146-JCM-PAL.  The opposition appears to argue that this
4  motion to consolidate is premature because Pintar intends on filing an opposition to Espiritu's
5  removal of Case No. 2:15-cv-02146-JCM-PAL, and the court has not yet had an opportunity to
6  decide its opposition to the removal.

7  Espiritu replies that both cases should be consolidated under Fed. R. Civ. P. 42(a)
8  because they both involve a common question of law or fact.  In both actions, the parties seek to
9  determine the interests in the property related to the foreclosure, and seek possession of the
10 property.  Espiritu's rights under NRS 107 must be determined in this case before the claims in
11 the unlawful detainer action.  The court has now stricken Pintar's objection to removal in the
12 second filed action as a fugitive document.  If the matters are not consolidated, the parties will
13 incur additional costs and expenses and run the risk of facing two inconsistent results.
14 "Moreover, if the matters are not consolidated, Espiritu may need to seek a motion to consolidate
15 the Second Action in state court, with the Initial Action which will likely be Removed to this
16 Initial Action anyway."

17 Espiritu also argues that the second action is improper because it should have been filed
18 as a counterclaim in this, first filed action.

### DISCUSSION

20 A review of the docket reflects that Defendant Capital One, N.A. was served with the
21 complaint and filed a Motion to Dismiss (Dkt. #5) as its first responsive pleading.  Pintar filed an
22 Answer (Dkt. #22) on November 20, 2015, and on November 30, 2015, Quality Loan filed a
23 Joinder (Dkt. #24) to Capital One's motion to dismiss.  The motion to dismiss argues Plaintiff's
24 claims for wrongful foreclosure and negligence are barred as a matter of law because Plaintiff
25 admits that she defaulted on her mortgage payments and failed to tender payments when due.
26 Under Nevada law, the Plaintiff may not bring a wrongful foreclosure action if she was in default
27 on her mortgage obligations.  The motion to dismiss also argues that her negligence claim must

be dismissed to the extent it relies on "negligent foreclosure" as its basis. Finally, injunctive and declaratory relief are remedies, not claims.

Pintar has now filed a motion to remand the second filed action, Case No. 2:15-cv-02146-JCM-PAL. The motion to remand argues this court lacks subject matter jurisdiction under the "home state" exception to diversity, and because the amount in dispute does not exceed $75,000 as no monetary judgment is sought, only right to possession of the property. Pintar also argues that there is no federal question jurisdiction in an unlawful detainer action which is strictly a matter of state law.

Having reviewed the papers on file in both actions, the court has serious reservations about whether this court has subject matter jurisdiction over the second filed action. The court also has serious reservations about whether Plaintiff's complaint states a claim on which relief may be granted given her admission that prior to foreclosure she was in default on her loan obligations. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Consolidate for All Purposes (Dkt. #7) is **DENIED without prejudice.**

DATED this 9th day of December, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE