Matthew L. Johnson (6004)
Russell G. Gubler (10889)
JOHNSON & GUBLER, P.C.
Lakes Business Park
8831 W. Sahara Ave.
Las Vegas, NV 89117
Phone: (702) 471-0065
Fax: (702) 471-0075
Email: rgubler@mjohnsonlaw.com

Attorneys for Plaintiff,
MARTHA S. ESPIRITU

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARTHA S. ESPIRITU,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL ONE, N.A., a national association; PINTAR INVESTMENT COMPANY RESIDENTIAL, L.P., a Delaware limited partnership; QUALITY LOAN SERVICE CORPORATION, a California corporation; PACIFIC COAST TITLE COMPANY, a California corporation; DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendant. | Case No. 2:15-CV-01933-JAD-PAL<br><br>Removed From: Clark County, Nevada District Court Case No. A-15-723597-C, Dept. XXXI<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, MARTHA S. ESPIRITU ("Espiritu" or "Plaintiff"), through her attorneys of the law offices of JOHNSON & GUBLER, P.C., complains against the Defendants CAPITAL ONE, N.A., a national association ("Capital"), PINTAR INVESTMENT COMPANY RESIDENTIAL, L.P., a Delaware limited partnership ("Pintar"), QUALITY LOAN SERVICE CORPORATION, a California corporation ("Quality"), and PACIFIC COAST TITLE COMPANY, a California corporation ("Pacific"), (collectively the "Defendants"), as follows:

## JURISDICTION AND VENUE

1. Espiritu is and was at all relevant times herein a resident of Las Vegas, Clark County, Nevada.

2. On information and belief, Capital is and was at all relevant times herein a national association doing business in Clark County, Nevada.

3. On information and belief, Pintar is a California limited partnership doing business and owning real property in Clark County, Nevada.

4. On information and belief, Quality is a California corporation, registered with the Nevada Secretary of State, and doing business in Clark County, Nevada.

5. On information and belief, Pacific is a California corporation, registered with the Nevada Secretary of State, and doing business in Clark County, Nevada.

6. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES I through X, and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff at this time. Plaintiff believes that those persons named as Doe Defendants are in some way responsible for the actions and/or damages incurred by the Plaintiff herein, and the Plaintiff therefore sues said Defendants by such fictitious names. This includes, but is not limited to, persons who may have responsible in some form for causing or contributing to the accident that is the subject of this Complaint. Plaintiff will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. This matter was removed from the Eighth Judicial district Court of Nevada pursuant to diversity jurisdiction. Venue lies in Clark County as Espiritu is a resident of Nevada and all of the Defendants' acts occurred in Clark County, Nevada.

## GENERAL ALLEGATIONS

8. At all relevant times, Espiritu is and was the owner and resident of real property located at 10659 Mystic Seaport Ave., Las Vegas, Nevada 89129 (the "Property").

9. On or about January 17, 2003, Espiritu purchased the Property, and has owned and occupied the Property for approximately 13 years.

10. On information and belief, a deed of trust on the Property was transferred in favor of the Mortgage Electronic Registration System, Inc. ("MERS").

11. In or about 2014, Espiritu fell behind on her payments on the Property.

12. Espiritu worked with a claimed holder of the deed of trust, Capital, to renegotiate payment terms related to the Property. On information and belief, Capital is not the proper holder of the underlying note and deed of trust for the Property.

13. Each time that Espiritu spoke with a representative of Capital, Espiritu was assured that Capital was trying to help Espiritu and that Capital was there to work for Espiritu.

14. Espiritu submitted, in good faith, multiple documents to Capital to renegotiate payment terms for the Property. Nevertheless, unknown to Espiritu, Capital, by its agent or trustee, Quality, sold the Property at foreclosure to Pintar, with, on information and belief, Pacific holding the sale of the Property.

15. On information and belief, Capital, Quality, and/or Pacific did not send the notice of default and election to sell by registered mail or by certified mail, return receipt requested, with postage prepaid, to Espiritu pursuant to NRS 107.080(3) and NRS 107.086(2)(a).

16. On information and belief, Capital, Quality, and/or Pacific did not send a written statement that contained all of the following information pursuant to NRS 107.080(2)(c)(3): (1) the amount of payment required to make good the deficiency in performance or payment, avoid the exercise of the power of sale and reinstate the terms and conditions of the underlying obligation or debt existing before the deficiency in performance or payment, as of the date of the statement; (2) the amount in default; (3) the principal amount of the obligation or debt secured by the deed of trust; (4) the amount of accrued interest and late charges; (5) a good faith estimate of all fees imposed in connection with the exercise of the power of sale; and (6) contact information for obtaining the most current amounts due and the local or toll-free

telephone number described in NRS 107.080(4).

17. On information and belief, Capital, Quality, and/or Pacific did not post in a conspicuous place on the Property a notice of sale, no later than 15 days before the date of sale, pursuant to NRS 107.087(1)(a)(2).

18. On information and belief, Capital, Quality, and/or Pacific did not give notice of the time and place of the sale by personal service or by mailing the notice of sale by registered or certified mail to Espiritu, pursuant to NRS 107.080(4)(a) and NRS 107.087(1).

19. Espiritu did not receive the aforementioned notices pursuant to NRS 107.080(2)(c)(3), NRS 107.080(3), NRS 107.080(4)(a), NRS 107.086(2)(a), NRS 107.087(1), and/or NRS 107.087(1)(a)(2).

20. On information and belief, Capital, Quality, and/or Pacific did not include in the Affidavit of Authority to Exercise the Power of Sale a local or toll-free telephone number that the obligor or borrower of the obligation or debt could call to receive the most current amounts due and a recitation of the information contained in the Affidavit, pursuant to NRS 107.080(2)(c)(4).

21. Espiritu did not receive an Affidavit of Authority to Exercise the Power of Sale that included a local or toll-free telephone number that the obligor or borrower of the obligation or debt could call to receive the most current amounts due and a recitation of the information contained in the Affidavit, pursuant to NRS 107.080(2)(c)(4).

22. On information and belief, Capital, Quality, and/or Pacific did not include in the Affidavit of Authority to Exercise the Power of Sale a statement that the business records relied upon meet the standards set forth in NRS 51.135, pursuant to NRS 107.080(2)(c) & (2)(c)(5)(II), and that such records do not meet the standards.

23. On information and belief, Espiritu had over $150,000 in equity in the Property at the time of the foreclosure sale.

24. On July 22, 2015, Espiritu received an informal notice that the Property had been sold at a foreclosure sale. The informal notice improperly stated the true date that it was

posted. A true and correct copy of the notice received is attached hereto as Exhibit "1".

25. This action is properly and timely filed, as Espiritu has met all requirements pursuant to NRS 107.080(5) & (6).

### FIRST CLAIM FOR RELIEF
(Declaratory Relief/Violation of Provisions of NRS 107)

26. Plaintiff realleges and incorporates herein all preceding paragraphs above as though fully set forth herein.

27. The trustee or other person authorized to make the sale, including Capital, Quality, and/or Pacific, did not substantially comply with the applicable provisions of NRS 107.080 or any applicable provision of NRS 107.086 and 107.087.

28. Capital, Quality, and/or Pacific violated NRS 107, concerning the Property by:

    a. Failing to send a written statement that contained all of the following information pursuant to NRS 107.080(2)(c)(3): (1) the amount of payment required to make good the deficiency in performance or payment, avoid the exercise of the power of sale and reinstate the terms and conditions of the underlying obligation or debt existing before the deficiency in performance or payment, as of the date of the statement; (2) the amount in default; (3) the principal amount of the obligation or debt secured by the deed of trust; (4) the amount of accrued interest and late charges; (5) a good faith estimate of all fees imposed in connection with the exercise of the power of sale; and (6) contact information for obtaining the most current amounts due and the local or toll-free telephone number described in NRS 107.080(4).

    b. Failing to mail the notice of default and election to sell by registered mail or by certified mail, return receipt requested, with postage prepaid to Espiritu pursuant to NRS 107.080(3) and NRS 107.086(2)(a).

    c. Failing to post in a conspicuous place on the property a notice of sale, no later than 15 days before the date of sale, pursuant to NRS 107.087(1)(a)(2);

    d. Failing to give notice of the time and place of the sale by personal service or by mailing the notice of sale by registered or certified mail to Espiritu, pursuant to

to NRS 107.080(4)(a) and NRS 107.087(1).

 e. Failing to include in the Affidavit of Authority to Exercise the Power of Sale a local or toll-free telephone number that the obligor or borrower of the obligation or debt could call to receive the most current amounts due and a recitation of the information contained in the Affidavit, pursuant to NRS 107.080(2)(c)(4).

 f. Failing to include in the Affidavit of Authority to Exercise the Power of Sale a statement that the business records relied upon meet the standards set forth in NRS 51.135, pursuant to NRS 107.080(2)(c) & (2)(c)(5)(II).

 g. Violating other sections of NRS 107, to be discovered and proven at trial.

29. Capital, Quality, and/or Pacific have otherwise violated Nevada law and have failed to give proper notice under Nevada law, which will be discovered and proven at trial.

30. On information and belief, the Property was sold, and Pintar purchased the Property at foreclosure, despite the aforementioned violations of NRS 107.

31. Because of the aforementioned improper notices and violations of NRS 107, the sale of the Property must be declared void by this Court.

32. Alternatively, on information and belief, the note and deed of trust signed by Espiritu were separated between MERS and a different entity, contrary to *Edelstein v. Bank of N.Y. Mellon,* 286 P.3d 249 (Nev. 2012). Specifically, Capital, Quality, and/or Pacific did not hold both the underlying note and deed of trust for the Property at the time of the foreclosure.

33. Alternatively, on information and belief, the foreclosure occurred through an entity that was not authorized and did not have standing to hold a foreclosure on the Property.

34. Alternatively, Capital One held no power of attorney for U.S. Bank or Chevy Chase Funding LLC Mortgage Back Certificates, Series 2004-4.

35. Defendants' actions or inactions directly and proximately caused Espiritu to suffer damages in excess of $75,000.00.

36. Espiritu is entitled to an injunction to enjoin the exercise of the power of sale until the beneficiary, the successor in interest of the beneficiary or the trustee complies with the requirements of NRS 107, as set forth herein, and until the beneficiary shows that it was the

- 6 -

holder of the note and deed of trust for the Property and otherwise had authority to hold a foreclosure on the Property.

37. An actual controversy has arisen and now exists between the parties relating to legal rights and duties concerning the Property for which Plaintiff desires a declaration of rights.

38. Plaintiff is entitled to a declaratory judgment against Defendants as follows: (1) that the trustee or other person authorized to make the sale, including Capital, Quality, and/or Pacific, did not substantially comply with the applicable provisions of NRS 107, as set forth herein; (2) that Defendants failed to include in the Affidavit of Authority to Exercise the Power of Sale a local or toll-free telephone number that the obligor or borrower of the obligation or debt could call to receive the most current amounts due and a recitation of the information contained in the Affidavit, pursuant to NRS 107.080(2)(c)(4); (3) that the business records relied upon in Capital's affidavits fail to meet the standards set forth in NRS 51.135, pursuant to NRS 107.080(2)(c) & (2)(c)(5)(II); (4) that Capital, Quality, and/or Pacific violated NRS 107, as set forth herein, concerning the Property; (5) that Capital, Quality, and/or Pacific did not hold both the underlying note and deed of trust for the Property at the time of the foreclosure; (6) that the sale of the Property is void; and (7) that the title to the Property must and is to be transferred and conveyed back into the name of Espiritu.

39. Espiritu is also entitled to damages and attorney fees pursuant to NRS 107.080(7).

40. Espiritu has been required to retain the services of attorneys to prosecute this matter and therefore is entitled to reasonable attorneys' fees and costs in this action.

**WHEREFORE**, Espiritu prays for judgment against the Defendants as follows:

1. For damages in an amount in excess of $75,000, plus interest at the legal rate;
2. For damages pursuant to NRS 107.080(7);
3. For punitive damages;
4. For attorneys' fees and costs;

5. For an injunction, as provided herein.

6. For a declaratory judgment, as provided herein.

7. For a transfer and conveyance of the Property from Pintar to Espiritu; and

8. For such other and further relief as the Court deems just.

Dated this 10th day of March, 2016.

JOHNSON & GUBLER, P.C.

_____
Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Lakes Business Park
8831 W. Sahara Ave.
Las Vegas, NV 89117

Attorneys for Plaintiff

## VERIFICATION

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK      )

I, MARTHA S. ESPIRITU, being first duly sworn, according to oath, depose and say:

1. I am the above-named Plaintiff. I have personal knowledge about the facts included in this Verification and if called to do so would testify as to their truthfulness.

2. I have reviewed the facts set forth in the First Amended Complaint and to the best of my knowledge and belief, they are true and correct.

3. Affiant does hereby affirm under penalty of perjury that the assertions of this affidavit are true.

_____
MARTHA S. ESPIRITU

SUBSCRIBED AND SWORN to before me this 10th day of March, 2016.

_____
NOTARY PUBLIC in and for said County and State

G. M. LACASCIA
Notary Public State of Nevada
No. 13-10637-1
My appt. exp. May 8, 2017

JOHNSON & GUBLER, P.C.
LAKES BUSINESS PARK
8831 WEST SAHARA
LAS VEGAS, NEVADA 89117
(702) 471-0065
(702) 471-0075

- 9 -

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of JOHNSON & GUBLER, P.C. and that on this 10th day of March, 2016, I caused the above and foregoing FIRST AMENDED COMPLAINT to be served:

[ X ]  Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, to be served **via electronic service**; or

[  ]  by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; or

[  ]  Pursuant to FRCP 5(b)(2)(D), to be sent **via facsimile;** or

[  ]  to be hand-delivered;

to the attorney(s) listed below at the address and/or facsimile number indicated below:

*See* Master Service List.

_____
Employee of Johnson & Gubler

- 10 -

# EXHIBIT "1"

7-20-15

To The occupants of ~~5147 Crystal Cov~~:
10659 Mystic Seaport

This property was purchased at Foreclosure Auction. Please call me at (702) 672-4356 to talk about your options. If we don't hear from you within 48 hours we will assume The property is VACANT And will have The property rekeyed.

Thanks,

Reid