Jacob D. Bundick, Esq. (NV Bar No. 9772)
bundickJ@gtlaw.com
Greenberg Traurig, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Defendant*
*Capital One, N.A.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARTHA S. ESPIRITU, an individual;<br><br>    Plaintiff,<br><br>    vs.<br><br>CAPITAL ONE, N.A., a national association; PINTAR INVESTMENT COMPANY RESIDENTIAL, L.P., a Delaware limited partnership; QUALITY LOAN SERVICE CORPORATION, a California corporation; PACIFIC COAST TITLE COMPANY, a California corporation; DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | Case No.: 2:15-CV-01933-JAD-PAL<br><br><br>**DEFENDANT CAPITAL ONE, N.A.'S, OPPOSITION TO PLAINTIFF'S COUNTERMOTION FOR SUMMARY JUDGMENT** |

Defendant, CAPITAL ONE, N.A. ("CAPITAL ONE"), by and through its counsel of record, Jacob D. Bundick, Esq., of the law firm GREENBERG TRAURIG, LLP, hereby submits this Opposition to the Countermotion For Summary Judgment (ECF 43, the "Summary Judgment Motion") filed by Plaintiff, Martha S. Espiritu ("Plaintiff").

**I.    THE COURT CAN CONSIDER DOCUMENTS ATTACHED TO THE MOTION TO DISMISS WITHOUT CONVERTING IT TO A MOTION FOR SUMMARY JUDGMENT.**

Plaintiff demands this Court convert Capital One's Motion to Dismiss to a Motion for Summary Judgment because Capital One attached numerous public documents to its motion and Plaintiff "certainly does not accept them as authentic." Summary Judgment Motion at 5.  This is unnecessary.  As Capital One explained in its Reply in Support of its Motion to Dismiss (ECF 50),

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

the Court can consider these documents without converting the Motion to Dismiss for two reasons: *first*, Plaintiff builds her entire case around deficiencies in these documents or their complete non-existence. *See* First Amended Complaint at ¶¶ 15-22. Because Plaintiff relies on them in the First Amended Complaint, the Court may consider them here. *See U.S. v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011). *Second*, and perhaps more importantly, the vast majority of these documents were publicly recorded in the land records of Clark County, Nevada. As such, this Court may take judicial notice of them. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir.2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201). *See also Villagrana v. Recontrust Co., N.A.*, Case No. 3:11-cv-00652, 2012 WL 1890236 at *1, n.1 (D. Nev. May 22, 2012) (holding that the Court may take judicial notice of publicly recorded documents relating to a property without converting a Motion to Dismiss into a Motion for Summary Judgment). The fact that Plaintiff "certainly does not accept them as authentic" is irrelevant as they are public records. Therefore, this Court can, and should, consider these public records to aid in its consideration of this case at this stage. As such, Plaintiff's demand that the Court consider the pending Motion to Dismiss as a Motion for Summary Judgment should be denied.

## II. SUMMARY JUDGMENT IS IMPROPER BECAUSE PLAINTIFF WAS PROVIDED THE PROPER NOTICE UNDER THE RELEVANT STATUTES PRIOR TO FORECLOSURE, AND THE PROPER ENTITY FORECLOSED ON THE PROPERTY.

Plaintiff asks this Court to grant summary judgment in her favor despite knowing that she was sent all proper notices under the Nevada law prior to the foreclosure sale. The documents establishing this proper notice were attached to both of Capital One's Motions to Dismiss, yet despite having been shown that the notices were proper, Plaintiff persists in asserting she must prevail because the notices were somehow deficient. This is simply false, and as stated in Capital

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

One's Motion to Dismiss, Capital One—through its Trustee, Quality Loan Service Corporation—complied with all its statutory obligations.

a) <u>Plaintiff was sent written communications containing all the information required by NRS 107.080(2)(c)(3) and NRS 107.080(4).</u>

Plaintiff complains that the defendants failed to send a written statement containing information required by NRS 107.080(2)(c)(3). *See* First Amended Complaint at ¶ 28(a). NRS 107.080(2)(c)(3) requires that before a power of sale is executed, the trustee must record with the county an affidavit stating that the borrower was sent a written statement of:

"(I) The amount of payment required to make good the deficiency in performance or payment, avoid the exercise of the power of sale and reinstate the terms and conditions of the underlying obligation or debt existing before the deficiency in performance or payment, as of the date of the statement;

(II) The amount in default;

(III) The principal amount of the obligation or debt secured by the deed of trust;

(IV) The amount of accrued interest and late charges;

(V) A good faith estimate of all fees imposed in connection with the exercise of the power of sale; and

(VI) Contact information for obtaining the most current amounts due and the local or toll-free telephone number described in subparagraph (4).

(4) A local or toll-free telephone number that the obligor or borrower of the obligation or debt may call to receive the most current amounts due and a recitation of the information contained in the affidavit."

NRS 107.080(2)(c)(3)(I)-(VI) and (4). Plaintiff was sent each of these notices. *See **Exhibits 1-10*** (containing the multiple notices and warnings Plaintiff was sent and that she received relating to her delinquency and the foreclosure sale). The attached notices—sent to Plaintiff by certified or registered mail and first class as noted in the attached sworn affidavits—show that Plaintiff was informed by written statement of all the items Nevada law requires in NRS 107.080(2)(c)(3) and (4). For instance, the "Debt Validation Notice" (***Exhibit 1***) identifies the payment amount Plaintiff needs to make, i.e., $208,185.08, to avoid foreclosure, which includes accrued interest and late charges. In the "Notice of Breach and Default and of Election to Sell Under Deed of Trust"

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

(*Exhibits 2-3*), Plaintiff is informed of the principal amount of the mortgage obligation of which she has defaulted and is given a toll-free telephone number to call (along with a contact name) to receive the most current amounts due, i.e., Waymon Preston, 877-230-8516.   Moreover, the Affidavit of Authority to Exercise the Power of Sale required by NRS 107.080(2)(c)(3) was, in fact, recorded in the Clark County recorder's office and contains the above information.  *See Exhibit 11*. Though Plaintiff recites a laundry-list of claimed violations, it is clear from the actual documents in question she received abundant notice of her default and the possible foreclosure and was given ample time and opportunity to remedy the undisputed default.  Capital One and its agents followed the legal notice requirements, and there is no merit in Plaintiff's contrary argument.

b) <u>Plaintiff was sent the "Notice of Default and Election to Sell" by registered mail or certified mail, return receipt requested pursuant to NRS 107.080(3) and NRS 107.086(2)(a).</u>

Plaintiff also complains that the "Notice of Default and Election to Sell" was either not sent or not sent by the correct method.  This claim, too, is belied by the actual documents.  NRS 107.080(3) requires that the lender mail "a copy of the notice of default and election to sell … by registered or certified mail, return receipt requested and with postage prepaid to the grantor."  NRS 107.086(2)(a) requires that the trustee:

"(a)  Include[] with the notice of default and election to sell which is mailed to the grantor or the person who holds the title of record as required by subsection 3 of NRS 107.080:

(1)  Contact information which the grantor or the person who holds the title of record may use to reach a person with authority to negotiate a loan modification on behalf of the beneficiary of the deed of trust;

(2)  Contact information for at least one local housing counseling agency approved by the United States Department of Housing and Urban Development;

(3)  A notice provided by the Mediation Administrator indicating that the grantor or the person who holds the title of record will be enrolled to participate in mediation pursuant to this section if he or she pays to the Mediation Administrator his or her share of the fee established pursuant to subsection 11; and

(4)  A form upon which the grantor or the person who holds the title of record may indicate an election to waive mediation pursuant to this section and one envelope addressed to the trustee and one envelope addressed to the Mediation Administrator, which the grantor or the person who holds the title of record may use to comply with the provisions of subsection 3."

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

NRS 107.086(2)(a).  Plaintiff was sent all required notices under this provision.  *See Exhibit 1* (Debt Validation Notice), *2-3* (Notice of Default), *4* (Foreclosure Mediation FAQ, enrollment waiver form including instructions, two addressed envelopes and Notice of Default), *5-6* (Warning Notice and Beneficiary Note), and *7-10* (Notice of Sale and Notice to Tenant).  Specifically, the Notice of Default and Election to Sell was mailed certified or registered mail as part of the "Debt Validation Letter" on January 23, 2015.  *See Exhibit 1*.  The required mediation forms were mailed via certified or registered mail to Plaintiff on February 4, 2015 as described by the February 4, 2015 affidavit. *See Exhibit 4*.  Thus, Plaintiff's claim that Capital One violated this statute is baseless.

        c)   Capital One posted the Notice of Sale in a conspicuous place on the property well before the foreclosure sale in accordance with NRS 107.087(1)(a)(2).

Nevada law requires that in a residential foreclosure, "a copy of the notice of default and election to sell and the notice of sale ... (a) Be posted in a conspicuous place on the property not later than . . . (2) For a notice of sale, 15 days before the date of sale . . . ." NRS 107.087(1)(a)(2). Plaintiff alleges that this did not happen, *see* First Amended Complaint at ¶ 28(c), but again the actual Notices show otherwise.

The foreclosure sale took place on July 17, 2015.  The Notice of Default and Election to Sell was posted on the Subject Property on January 26, 2015 (*Exhibits 2-3*).  Likewise, the Notice of Trustee's Sale was posted on the subject property on April 30, 2015, more than fifteen (15) days before the July 17, 2015 foreclosure sale (*Exhibits 7-10*). [1]  Thus, the Notice of Default as well as the Notice of Sale were appropriately placed on the Subject Property in a timely manner in compliance with the statute.  Plaintiff's contrary claim holds no weight as a matter of law (and fact).

        d)   Capital One mailed the Notice of Sale by registered or certified mail in accordance with NRS 107.080(4)(a) and NRS 107.087(1).

In addition to the requirement that the Notice of Sale be posted in a conspicuous place on the Subject Property, which was done as discussed above, Nevada law also requires that the borrower be provided the Notice of Sale "(a) . . . by personal service or by mailing the notice by registered or certified mail to the last known address of the trustor . . . ."  NRS 107.080(4)(a).  Plaintiff alleges

---

[1] The foreclosure sale was originally scheduled for May 22, but in either event, the notices were timely.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

1    this did not happen.  *See* First Amended Complaint at ¶ 28(d).  Again, however, the documents

2    prove unequivocally that it did.  *See **Exhibit 7***, Affidavit of Mailing and Notice of Sale.  That

3    affidavit of mailing shows that the Notice of Sale (and an accompanying "Notice to Tenant") were

4    mailed certified or registered mail to Plaintiff.  The Notice of Sale itself showed the date, time, and

5    place the sale was to take place.  *See id.*  This notice therefore complied with Nevada law as a

6    matter of law.

  e) The Affidavit of Authority to Exercise the Power of Sale substantially complied with
7
    NRS 107.080(2)(c).
8

9      Plaintiff alleges two different deficiencies with the Affidavit of Authority to Exercise the

10   Power of Sale (the "Affidavit of Authority"): (1) that it failed to include a local or toll-free phone

11   number that the Plaintiff could call to receive information about her deficiency; and (2) that the

12   affidavit did not include a statement that the business records relied upon met the standards set forth

13   in NRS 51.135.  *See* First Amended Complaint ¶¶ 28(e)-(f).  Neither purported deficiency warrants

14   voiding of the sale of Plaintiff's property.

15     As to the second deficiency, the Affidavit of Authority *does* contain the necessary statement.

16   NRS 107.080(2)(c)(5)(II) requires that the affidavit be based on the affiant's personal knowledge

17   and review of the business records—records which must meet the requirements of NRS 51.135.

18   NRS 51.135 requires that the business records be compiled in "the course of regularly conducted

19   activity."  Here, the Affidavit of Authority specifically notes both things.  *See **Exhibit 11*** at ¶¶ 2-3

20   ("Affidavit of Authority," noting affiant's personal knowledge which was gained through review of

21   Capital One's business records kept in the ordinary course of business).

22     As to the lack of a phone number in the Affidavit of Authority, Plaintiff is correct—the

23   document inadvertently omits the phone number.  *See id.* at ¶ 10.  However, this does not void the

24   sale for two reasons.  First, Plaintiff did, in fact, receive a toll-free phone number to call in the

25   "Notice of Breach and Default And of Election to Sell" as discussed above.  *See* Section II(a),

26   *supra*; ***Exhibits 2-3***.  Furthermore, this information was publicly recorded.

27     Second, the minor omission of a phone number which Plaintiff had already received and was

28   publicly recorded does not rise to the level of "substantial" noncompliance with the statute such that

the sale should be voided. *See* NRS 107.080(5)(a) (noting that a sale is voided only when the trustee or other person authorized to make the sale "does not <u>substantially</u> comply with the provisions of this section or any other applicable provision of NRS 107.086 and 107.087.") (emphasis added). The Supreme Court of Nevada has regularly rejected the notion that this statute—and others like it—require strict compliance. *See Schleining v. Cap One Inc.*, 326 P.3d 4, 8 (Nev. 2014) (rejecting the strict compliance standard in favor of the "substantial compliance" standard stated in the statute and favored by the Nevada legislature and upholding a foreclosure sale when, allegedly, neither the notice of sale nor the notice of default were even mailed to the debtor). In this case, as the documents amply demonstrate, Capital One and its agents met every requirement for notice, making Plaintiff aware of the default and giving her the opportunity to remedy her default before foreclosure. Its omission of a phone number on one document—a phone number which Plaintiff received in other documents and which was publicly recorded—does not give rise to a violation of NRS 107.080 so substantial that the sale should be voided. Therefore, none of Plaintiff's alleged deficiencies state a claim for which relief can be granted, and this Court must dismiss her claim for declaratory relief and this Motion for Summary Judgment.

f)   The Proper Entity Conducted The Foreclosure Sale.

Plaintiff's claim that the foreclosure was improper because the note and deed of trust were separated similarly fails. *See* First Amended Complaint at ¶ 32-34. The Note and Deeds of Trust attached hereto clearly establish that the proper entity foreclosed on the Subject Property and had the requisite authority to conduct the sale. The Court may review these documents without converting the present motion to a Motion for Summary Judgment for the same reasons as it can review the notice. *See* Section I; *U.S. v. Corinthian Colleges*, *supra*.

As the Court can see, Plaintiff purchased the property on January 17, 2003 and executed a deed of trust with CTC Real Estate Services as the Trustee and Countrywide Home Loans as the lender. *See Exhibit 12*, Deed of Trust dated January 17, 2003. Their interest in the property was reconveyed to Plaintiff on September 1, 2004. *See Exhibit 13,* Full Reconveyance. On August 11, 2004, Plaintiff executed an Adjustable Rate Note with Chevy Chase Bank, F.S.B. and executed a

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

1   Deed of Trust naming Chevy Chase Bank as the Lender (Chevy Chase Bank was acquired by

2   Capital One in 2009).  *See Exhibits 14* (Adjustable Rate Note) and *15* (Deed of Trust).  On June 21,

3   2012, MERS, acting as Chevy Chase Bank's agent, assigned Chevy Chase Bank's interest in the

4   Deed of Trust to US Bank, NA, naming it as trustee.  *See Exhibit 16,* Assignment of Deed of Trust.

5   On June 22, 2012, Quality Loan Service Corporation was substituted as trustee for US Bank, NA.

6   *See Exhibit 17*, Substitution of Trustee.  Lastly, Quality Loan Service Corporation conveyed title to

7   the property to Pintar Investment Company Residential LP upon the trustee's sale of the property.

8   *See Exhibit 18,* Trustee's Deed upon Sale.

9          There is a clear chain of title, the Note was assigned to Capital One, and it was not endorsed

10  in the blank.  Therefore, Plaintiff's claim that the foreclosure was somehow procedurally faulty

11  lacks merit as a matter of law and her request for declaratory relief should be denied along with this

12  Motion for Summary Judgment.

### III.   SUMMARY JUDGMENT IS IMPROPER BECAUSE THE PARTIES DISPUTE MYRIAD MATERIAL FACTS.

15         At a minimum, this Court must dismiss Plaintiff's Motion for Summary Judgment

16  because Capital One disputes the so-called "undisputed facts" Plaintiff cites as having occurred

17  before the foreclosure sale.   Summary Judgment is appropriate only when "the pleadings,

18  depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

19  show that **there is no genuine issue as to any material fact** and that the moving party is entitled to

20  judgment as a matter of law." Fed. R. Civ. P. 56(c) (emphasis added).  Moreover, the moving party

21  bears the burden of evidence showing the absence of any genuine issue of material fact. *Celotex*

22  *Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Here, Plaintiff has asserted twelve separate "undisputed

23  facts" for which it provides no evidentiary basis—citing to its own Complaint in many instances—

24  and which Capital One plainly opposes, having taken the exact opposite position in its two Motions

25  to Dismiss and above.  Pursuant to LR 7056(c), Capital One provides the following responses to

26  Plaintiff's Statement of Undisputed Facts:

27         "1. At all relevant times, Espiritu is and was the owner and resident of real property

28  located at 10659 Mystic Seaport Ave., Las Vegas, Nevada 89129 (the "Property")."

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

1  Response:  Capital One admits that Espiritu was the owner of the Property as defined

2  herein but denies that she remains the owner, her home having been properly sold to a third party at

3  a foreclosure sale in July 2015.

4  "2. On or about January 17, 2003, Espiritu purchased the Property, and has owned and

5  occupied the Property for approximately 13 years."

6  Response: Capital One admits that Espiritu purchased the Property on or about January

7  17, 2003 and owned it continuously until her home was sold at a foreclosure sale in July 2015.

8  Capital One denies this fact to the extent it implies Espiritu still owns the Property.

9  "3. Each time that Espiritu spoke with a representative of Capital, Espiritu was assured

10  that Capital was trying to help Espiritu and that Capital was there to work for Espiritu."

11  Response: Plaintiff cites to her own unverified allegations as support for these positions,

12  and as such, Capital One denies this fact in its entirety.  Capital One responds further that Plaintiff

13  was given ample notice that she was in default of her loan obligations and that the Property would

14  be sold to a third party to satisfy those obligations if she did not cure the default.

15  "4. Espiritu submitted, in good faith, multiple documents to Capital to renegotiate

16  payment terms for the Property. Nevertheless, unknown to Espiritu, Capital, by its agent or trustee,

17  Quality, sold the Property at foreclosure to Pintar, with Pacific holding the sale of the Property."

18  Response:  Plaintiff cites to her own unverified allegations as support for these positions,

19  and as such, Capital One denies this fact in its entirety.  Capital One responds further that Plaintiff

20  was informed that she was in default of her loan obligations and that she was given ample notice

21  that the Property would be sold to a third party to satisfy those obligations if she did not cure the

22  default.

23  "5. Capital, Quality, and/or Pacific did not send the notice of default and election to sell

24  by registered mail or by certified mail, return receipt requested, with postage prepaid, to Espiritu

25  pursuant to NRS 107.080(3) and NRS 107.086(2)(a)."

26  Response:  Capital One denies this fact.  Espiritu was sent the Notice of Default and

27  Election to Sell pursuant to all statutory requirements.

28

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

1    "6. Capital, Quality, and/or Pacific did not send a written statement that contained all of

2    the following information pursuant to NRS 107.080(2)(c)(3): (1) the amount of payment required to

3    make good the deficiency in performance or payment, avoid the exercise of the power of sale and

4    reinstate the terms and conditions of the underlying obligation or debt existing before the deficiency

5    in performance or payment, as of the date of the statement; (2) the amount in default; (3) the

6    principal amount of the obligation or debt secured by the deed of trust; (4) the amount of accrued

7    interest and late charges; (5) a good faith estimate of all fees imposed in connection with the

8    exercise of the power of sale; and (6) contact information for obtaining the most current amounts

9    due and the local or toll-free telephone number described in NRS 107.080(4)."

10    <u>Response:</u>  Capital One denies this fact.  Espiritu was sent the required written statement

11    as explained in Capital One's Motions to Dismiss, the Replies thereto, and this Opposition.

12    "7. Capital, Quality, and/or Pacific did not post in a conspicuous place on the Property a

13    notice of sale, no later than 15 days before the date of sale, pursuant to NRS 107.087(1)(a)(2)."

14    <u>Response:</u> Capital One denies this fact.  The Notice of Sale was posted conspicuously on

15    the Property pursuant to all statutory requirements.

16    "8. Capital, Quality, and/or Pacific did not give notice of the time and place of the sale

17    by personal service or by mailing the notice of sale by registered or certified mail to Espiritu,

18    pursuant to NRS 107.080(4)(a) and NRS 107.087(1)."

19    <u>Response:</u> Capital One denies this fact.  The Notice of Sale was mailed to Espiritu

20    pursuant to all statutory requirements.

21    "9. Espiritu did not receive the timely notice pursuant to NRS 107.080(4), by recording

22    the notice of sale."

23    <u>Response:</u> Capital One denies this fact.  The Notice of Sale was recorded pursuant to all

24    statutory requirements.

25    "10. Espiritu did not receive notice pursuant to NRS 107.086(2)(a), by mailing with the

26    notice of default and election to sell, contact information for at least one local housing counseling

27    agency."

28

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

**Response:** Capital One states that Espiritu's "receipt" of such a notice is immaterial as the statute only requires that such notice be sent. Additionally, Capital One denies this fact. The Notice of Default and Election to Sell was mailed to Plaintiff and contained the contact information for at least one local housing counseling agency.

"11. Capital, Quality, and/or Pacific did not include in the Affidavit of Authority to Exercise the Power of Sale a local or toll-free telephone number that the obligor or borrower of the obligation or debt could call to receive the most current amounts due and a recitation of the information contained in the Affidavit, pursuant to NRS 107.080(2)(c)(4)."

**Response:** Capital One admits that the Affidavit of Authority to Exercise the Power of Sale did not contain such a phone number. Capital One denies this fact to the extent it implies Capital One was not in compliance with its obligations under NRS 107.080.

"12. Espiritu did not receive an Affidavit of Authority to Exercise the Power of Sale that included a local or toll-free telephone number that the obligor or borrower of the obligation or debt could call to receive the most current amounts due and a recitation of the information contained in the Affidavit, pursuant to NRS 107.080(2)(c)(4)."

**Response:** Capital One states that Espiritu's "receipt" of such information is immaterial to the disposition of this case. Capital One admits that the Affidavit of Authority to Exercise the Power of Sale did not contain such a phone number. Capital One denies this fact to the extent it implies Capital One was not in compliance with its obligations under NRS 107.080.

"13. The business records relied upon to prepare the Affidavit of Authority to Exercise the Power of Sale do not meet the standards under NRS 51.135."

**Response:** Capital One denies this fact. The business records do meet the standards under NRS 51.135.

As shown here, the parties dispute virtually every material fact in this litigation, and therefore, summary judgment is wholly inappropriate at this stage.[2]

---

[2] It was clear when the Plaintiff filed her Motion for Summary Judgment that the vast majority of her "undisputed facts" were, in fact, disputed. Thus, Plaintiff's assertion that these facts are "undisputed" does not appear to have been made in good faith.

Greenberg Traurig, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

**IV.     CONCLUSION**

For the foregoing reasons, Capital One respectfully requests this Court dismiss Plaintiff's Motion for Summary Judgment.

DATED: May 13, 2016.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Jacob D. Bundick*
Jacob D. Bundick (Bar No. 9772)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
*Counsel for Defendant*
*Capital One, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of May, 2016, a true and correct copy of the foregoing was filed and served via the United States District Court's ECF System to the person(s) as listed below:

Matthew L. Johnson     mjohnson@mjohnsonlaw.com, annabelle@mjohnsonlaw.com, rgubler@mjohnsonlaw.com, shari@mjohnsonlaw.com

Russell G. Gubler     rgubler@mjohnsonlaw.com

*/s/ Sandy Jackson*
An employee of Greenberg Traurig, LLP

# EXHIBIT 1

## AFFIDAVIT OF MAILING

Date:        1/23/2015
T.S. No.:    NV-14-625880-AB
Mailing:     **Debt Validation Letter**

STATE OF *California*)
COUNTY OF *San Diego*)

The declarant, whose signature appears below, states that (s)he is over the age of eighteen (18) years; is employed in San Diego County that his/her business address is at 2763 Camino Del Rio S., 1st FL San Diego CA 92108, It is further declared that (s)he is readily familiar with business practices relative to the mailing of documents and that on **1/23/2015**, a copy of the Debt Validation Letter, of which the attached is a true and correct copy, was mailed in the ordinary course of business. The copy of the Debt Validation Letter was placed in a sealed envelope and addressed to the person(s)/entity(ies) set forth below. Said mailing was sent by certified or registered mail and first class, with postage prepaid and then delivered to the United States Postal Service for delivery.

I declare under penalty of perjury that the foregoing is true and correct.

Affiant Christian Aguilar

MARTHA S. ESPIRITU
10659 MYSTIC SEAPORT AVE
LAS VEGAS, NV 89129
First Class

QLS 001

| | | |
|---|---|---|
| **QUALITY LOAN SERVICE CORPORATION** | Loan Number: | XXXXXX6973 |
| 411 Ivy Street, San Diego, CA 92101 | T.S. Number: | NV-14-625880-AB |
| (866) 645-7711 | Property Address: | 10659 MYSTIC SEAPORT AVE |
| | | LAS VEGAS, NV 89129 |

Date: 1/23/2015

## DEBT VALIDATION NOTICE

QUALITY LOAN SERVICE CORPORATION ("Quality"), a nonjudicial foreclosure trustee, has been instructed to commence foreclosure proceedings against the above-referenced property. Pursuant to, and in compliance with, the Fair Debt Collection Practices Act, Quality provides the following notices:

The total amount of the debt currently owed is $208,185.08. Because of interest, late charges, and other charges that may vary from day-to-day, the amount due on the day you pay may be greater. For further information, or to request a statement of all of these amounts computed through a specified date, please contact us at the address or telephone number above. The current creditor to whom the debt/loan is owed is: US Bank, NA as trustee relating to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2004-4.

Quality will assume this debt to be valid unless you dispute its validity, or any part of it, within 30 days after receiving this notice. If you notify Quality in writing within the 30-day period that the debt or any part of it is disputed, Quality will obtain and mail to you a copy of a writing or verification evidencing the debt. If you request from Quality in writing within the 30-day period the name and address of the original creditor, Quality will obtain and mail to you the name and address of the original creditor. Written requests pursuant to this Notice should be directed to the address above. Even though the nonjudicial foreclosure process will likely proceed during the 30-day period, you still retain your rights set forth in this paragraph.

If you have received a discharge in bankruptcy of the above-referenced debt Quality is not seeking to collect any portion of the debt and all information in this Notice is supplied for informational purposes only and any pending or ensuing action by Quality is solely aimed to foreclose the security interest in the above-referenced property and is not an effort to collect the discharged debt from you personally.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

QLS 002

# EXHIBIT 2

Priority Posting    Publishing
Order # P1129010
TS # NV-14-625880-AB


A   IDAVIT O   POSTIN


State of Nevada )
County of Clark)


I, Kevin Dunn, state:


That at all times herein I have been a citizen of the United States, over 18 years of age, and am not a party to, or interested in, the proceeding in which this affidavit is made.


On 1/26/2015 at approximately 11:34 AM , I personally posted a copy of the Notice of Default on the property in the manner prescribed pursuant to NRS 107.087, in a conspicuous place on the property, which is located at:

> 10659 Mystic Seaport Avenue
> Las Vegas NV 89129


I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.


Dated 1/26/2015                                          Nevada Legal Support Services LLC

                                                         Kevin Dunn, 1675964
                                                         930 S. 4th Street, Suite 200
                                                         Las Vegas, NV 89101
                                                         (702) 382-2747
                                                         NV License #1711


NVLSS ID# 499014      16
COUNT   O   SERVICE: 499014
SERVER: Kevin Dunn





Photos ta en by: Kevin Dunn     County: CLARK    133
Photo Date: 1 26 2015   Ti  e: 11:34 AM   NLN ID# 499014  Page 1 o  1
Pri  ary Borro  er: Martha S. Espiritu
Property Address: 10659 Mystic Seaport Avenue  Las Vegas NV 89129

Nevada Legal Support Services LL
930 S. 4th Street  Suite 200
Las Vegas  NV 89101
02  382-2  4  NV. Lie. #1  11

Priority Posting & Publishing     Order # P1129010 TS#NV-14-625880-AB

QLS 0014

# EXHIBIT 3

APN No.: 137-01-213-021
Recording requested by:

When recorded mail to:
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

Inst #: 20150126-0003183
Fees: $225.00
N/C Fee: $25.00
01/26/2015 03:56:36 PM
Receipt #: 2293863
Requestor:
LSI TITLE AGENCY INC.
Recorded By: SOL   Pgs: 9
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

---

TS No.: NV-14-625880-AB           Space above this line for recorders use
Order No.: 140117123-NV-MSI

I, the undersigned affiant, affirm that the attached document, including my exhibits, hereby submitted for recording does not contain the social security number of any person or persons, pursuant to NRS 239b.030.

## NOTICE OF BREACH AND DEFAULT AND OF
## ELECTION TO SELL UNDER DEED OF TRUST

**NOTICE IS HEREBY GIVEN THAT: QUALITY LOAN SERVICE CORPORATION** , is the original Trustee, the duly appointed Substituted Trustee or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 8/11/2004, executed by **MARTHA S. ESPIRITU , AN UNMARRIED WOMAN**, in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CHEVY CHASE BANK, F.S.B.**,   Recorded on **8/17/2004, Instrument No. 20040817-0000750**     of Official Records in the Office of the Recorder of CLARK County, State of NEVADA, describing land therein, AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST. Property Address: **10659 MYSTIC SEAPORT AVE, LAS VEGAS, NV 89129**, securing, among other obligations, **1 NOTE(S) FOR THE ORIGINAL** sum of **$214,000.00**; that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of the obligations for which said Deed of Trust is security has occurred in that payment has not been made of: **THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 1/1/2014, AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, ALONG WITH LATE CHARGES FORECLOSURE COSTS AND LEGAL FEES, PLUS IMPOUNDS IF ANY, AND/OR ADVANCES, IF ANY, THAT BECOME PAYABLE;** that by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration of Default  and Demand for Sale, and has surrendered to said Trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

## NOTICE

**YOU ARE HEREBY ADVISED THAT IF YOUR PROPERTY IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION.** You may have the legal right to cure the default hereon, bring your

QLS 004

account in good standing, and reinstate the obligation secured by the Deed of Trust above described. Section NRS 107.080 permits certain defaults to be cured upon the Payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occurred. Where reinstatement is possible, if the default is not cured within 35 days following recording and mailing of this Notice to Trustor or Trustor's successor in interest, or for owner-occupied housing, more than 5 days prior to the sale date, the right of reinstatement will terminate and the property may thereafter be sold. The Trustor may have the right to bring a court action to assert the nonexistence of a default or any other defense of Trustor to acceleration and Sale. No sale date may be set until three months from the date this notice of default is recorded (which Date of recordation appears on this notice).

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust or Mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the Note and Deed of Trust or Mortgage, the Beneficiary or Mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the Beneficiary or Mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes and hazard insurance premiums.

Upon your written request, the Beneficiary or Mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. To find out the amount you must pay, to arrange for payment to stop the foreclosure, discuss the possibility of arranging a loan modification, or if your property is in foreclosure for any other reason, contact:

**Capital One, N.A.**
**Contact:**            **Waymon Preston**
**Department:  Loss Mitigation Department**
**Phone:**               **972-372-7277**
**Toll Free:     877-230-8516**

If you have any questions, you should contact a lawyer or the governmental agency, which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

HUD sponsors Housing Counseling Agencies to provide free to low cost advice. **Housing for Nevada** is one of the local housing counseling agencies approved and sponsored by HUD in this state. You may contact this agency using the following contact information:

**265 E. Warm Springs Rd., Suite 107**
**Las Vegas, NV 89119-4230**
**702-270-0300**

QLS 005

http://www.housingfornevada.org

**CONDITION OF SALE: The successful bidder will be required to pay county documentary transfer tax, any city tax, and any other applicable taxes or fees (including, but not limited to, the fee for recording Preliminary Change of Ownership report) to the auctioneer at the time of sale.**

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee and the successful bidder shall have no further recourse.**

**QUALITY MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT, ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

QLS 006

TS No.: NV-14-625880-AB

Dated:
JAN 2 3 2015

**Quality Loan Service Corporation,** as Trustee

By: Stephanie Fuentes, Assistant Secretary

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of: **California**)

County of: **San Diego**)

On 1/23/15 _____ before me, _____ANNETTE JOHNSON_____ a notary public, personally appeared STEPHANIE FUENTES_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    **(Seal)**

Signature _____ ANNETTE JOHNSON

ANNETTE JOHNSON
Commission # 2073844
Notary Public - California
San Diego County
My Comm. Expires Jul 12, 2018

QLS 007

# EXHIBIT 4

## AFFIDAVIT OF MAILING
NRS 107.080 et. Seq.

|  |  |
|---|---|
| Date: | 2/4/2015 |
| T.S. No.: | NV-14-625880-AB |
| Mailing: | **Ten Day** |

STATE OF *California*)
COUNTY OF *San Diego*)

The declarant, whose signature appears below, states that (s)he is over the age of eighteen (18) years; is employed in San Diego County that his/her business address is at 2763 Camino Del Rio S., 1st FL San Diego CA 92108, It is further declared that (s)he is readily familiar with business practices relative to the mailing of documents and that on **2/4/2015**, a copy of the Foreclosure Mediation Frequently Asked Questions, two Enrollment Waiver Form Inclusive of Instructions and 2 addressed envelopes, and the Notice of Default, of which the attached is a true and correct copy, was mailed in the ordinary course of business. The copy of the Foreclosure Mediation Frequently Asked Questions, two Enrollment Waiver Form, Inclusive of Instructions and 2 addressed envelopes, **and the Notice of Default was placed in a sealed windowed envelope denoted ENROLLMENT WAIVER FORM ENCLOSED** and addressed to the person(s)/entity(ies) set forth below. Said mailing was sent by certified or registered mail and first class, with postage prepaid and then delivered to the United States Postal Service for delivery.

I declare under penalty of perjury that the foregoing is true and correct.

IDSolutions, Inc., as Authorized Agent for QUALITY LOAN SERVICE CORPORATION

Date: 2/4/2015

Affiant Hue Banh, as Authorized Signor of IDSolutions, Inc.

MARTHA S. ESPIRITU
10659 MYSTIC SEAPORT AVE
LAS VEGAS, NV 89129
First Class and Cert. No. 71039628594219506722

QLS 0015

# EXHIBIT 5

## AFFIDAVIT OF MAILING

| | |
|---|---|
| Date: | **2/6/2015** |
| T.S. No.: | **NV-14-625880-AB** |
| Mailing: | **Warning Notice** |

STATE OF _California_)
COUNTY OF _San Diego_)

The declarant, whose signature appears below, states that (s)he is over the age of eighteen (18) years; is employed in San Diego County that his/her business address is at 2763 Camino Del Rio S., 1st FL San Diego CA 92108, It is further declared that (s)he is readily familiar with business practices relative to the mailing of documents and that on **2/6/2015**, a copy of the Warning Notice, Beneficiary Note, of which the attached is a true and correct copy, was mailed in the ordinary course of business. The copy of the Warning Notice, Beneficiary Note was placed in a sealed envelope and addressed to the person(s)/entity(ies) set forth below. Said mailing was sent by certified or registered mail and first class, with postage prepaid and then delivered to the United States Postal Service for delivery.

I declare under penalty of perjury that the foregoing is true and correct.

IDSolutions, Inc., as Authorized Agent for QUALITY LOAN SERVICE CORPORATION

Date: 2/6/2015

Affiant Wai Tang, as Authorized Signor of IDSolutions, Inc.

MARTHA S. ESPIRITU
10659  MYSTIC SEAPORT AVE
LAS VEGAS, NV 89129
First Class and Cert. No. 71039628594219569895

Occupant / Resident
10659  MYSTIC SEAPORT AVE
LAS VEGAS, NV 89129
First Class and Cert. No. 71039628594219569925

QLS 0016

# NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME!

Your home loan is being foreclosed. In not less than 60 days your home may be sold and you may be forced to move. For help, call:

**Consumer Credit Counseling** Phone Numbers: (702) 364-0344 or toll free at (800) 451-4505. Mailing Address: 2650 S. Jones Blvd., Las Vegas, NV 89146.

**The Attorney General** Phone Number: (775) 684-1100. Mailing Address: 100 North Carson Street, Carson City, NV 89701.

**The Division of Mortgage Lending** Phone Numbers: Carson City Office (775) 684-7060; Las Vegas Office (702) 486-0780. Mailing Address: 400 W. King St., Suite 101, Carson City, NV 89703.

**The Division of Financial Institutions** Phone Numbers: Las Vegas Office (702) 486-4120; Carson City Office (775) 687-5522. Mailing Address: 2785 E. Desert Inn Rd., Suite 180, Las Vegas, NV 89121.

**Legal Services** Phone Numbers: Las Vegas Office (702) 386-0404; Reno Office (775) 284-3491; Carson City Office (775) 883-0404; Mailing Address: 530 S. Sixth Street, Las Vegas, NV 89101.

**Your Lender Capital One, N.A.** 877-230-8516

| | |
|---|---|
| Contact: | Waymon Preston |
| Department: | Loss Mitigation Department |
| Phone: | 972-372-7277 |
| Toll Free: | 877-230-8516 |

**Nevada Fair Housing Center** Phone Number: (702) 731-6095. Mailing Address: 3380 W. Sahara, Suite 150, Las Vegas, NV 89102.

QLS 0017

MIN ██████████████

## ADJUSTABLE RATE NOTE
### (5 Year Fixed Pay/1 Month LIBOR Index/Payment and Rate Caps)

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST
RATE AND MY MONTHLY PAYMENT. MY MONTHLY PAYMENT INCREASES AND
DECREASES MAY BE LIMITED AND MY INTEREST RATE INCREASES ARE LIMITED.
THE PRINCIPAL AMOUNT TO REPAY COULD BE GREATER THAN THE AMOUNT
ORIGINALLY BORROWED, BUT NOT MORE THAN THE LIMIT STATED IN THIS NOTE.

| August 11, 2004 | LAS VEGAS | Nevada |
|---|---|---|
| [Date] | [City] | [State] |

10659 MYSTIC SEAPORT AVE, LAS VEGAS, NV 89129

[Property Address]

1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay Two Hundred Fourteen Thousand
and 00/100                                Dollars (U.S. $     214,000.00     )
(this amount is called "principal"), plus interest, to the order of the Lender. The Lender is
Chevy Chase Bank, F.S.B.                         . I understand that the Lender may transfer
this Note. The Lender or anyone who takes this Note by Transfer and who is entitled to receive payments
under this Note is called the "Note Holder."

2.   INTEREST

(A)  Interest Rate

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will
pay interest at the yearly rate of     1.950    %. The interest rate I will pay may change.

The interest rate required by this Section 2 is the rate I will pay both before and after any default
described in Section 7 (B) of this Note.

(B)  Interest Rate Change Dates

The interest rate I will pay may change on the first day of        October, 2004        and on
that day every month thereafter. Each date on which my interest rate could change is called an "Interest
Rate Change Date." The new rate of interest will become effective on each Interest Rate Change Date.

(C)  Interest Rate Limit

My interest rate will never be greater than   19.900   %.

(D)  The Index

Beginning with the first Interest Rate Change Date, my interest rate will be based on an Index. The
"Index" is the one month London Interbank Offered Rate (LIBOR) as published in *The Wall Street
Journal*. The most recent Index figure available as of the first business day after the twenty-fifth day of
the month immediately preceding the month in which the Interest Rate Change Date occurs is called the
"Current Index."

If the Index or any Index previously substituted under this Section 2 (D) is no longer available, or is
otherwise unpublished, the Note Holder may choose a new Index and a new Margin to result in a rate
similar to the rate in effect at that time which is based upon comparable information. The Note Holder
will give me notice of the choice.

5FXC2-Multi  Rev. 11/25/2002
11210003

Page 1 of

QLS 0019

QLS 0020

MIN ████████████

(E)  Calculation of Interest Rate Changes

Before each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding Two and 850/1000 percentage points (2.850 %) (the "Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the interest rate limit stated in Section 2 (C), the rounded amount will be my new interest rate until the next Interest Rate Change Date.

3.   PAYMENTS

(A)  Time and Place of Payments

I will pay principal and interest by making payments every month. I will make my monthly payments, as described in Subsections B through F, below, on the first day of each month beginning on October 1, 2004 .  I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on September 1, 2034 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date." I will make my monthly payments at P.O. Box 17000, Baltimore, MD 21203 , or at a different place if required by the Note Holder.

(B)  Minimum Payment

As of the date of this Note, my "Minimum Payment" of principal and interest is $ 785.65 .  This amount will remain the same for the first 60 monthly payments due under this Note.  Thereafter, my Minimum Payment is subject to change as described in detail, below.  I must make at least the Minimum Payment each month.

(C)  Additions/Reductions to My Unpaid Principal

My Minimum Payment may be less than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid principal I owe in full on the Maturity Date in substantially equal payments.  If this occurs, each month that my Minimum Payment is less than the interest portion, the Note Holder will subtract the amount of that payment from the amount of the interest portion and will add the difference to my unpaid principal.  The Note Holder also will add interest on the amount of this difference to my unpaid principal each month.  The interest rate on the interest added to principal will be the rate set forth in Section 2 (A) above.

(D)  Payment Changes

My Minimum Payment will change under the following circumstances:

(i)   Payment Change Dates

My monthly Minimum Payment may change on the first day of October, 2009 , and on that same day every 12th month thereafter.  Each of these dates is called a "Payment Change Date." Before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that would be sufficient to repay my unpaid principal in full on the Maturity Date in substantially equal installments at my new interest rate calculated pursuant to paragraph 2(E) above.  My new monthly Minimum Payment will be set equal to the recalculated amount except that my new Minimum Payment will not be more than 7.500 percent greater or less than the amount of the last monthly payment that was due before the applicable Payment Change Date.

(ii)  Adjustment Dates

Notwithstanding Subsection (i), above, on the 1st Payment Change Date and on each succeeding 5th Payment Change Date thereafter, my Minimum Payment will be adjusted as explained above, except that the described 7.500 percent limitation will not apply.

QLS 0022

MIN ████████████

**(iii) Other Changes**

My monthly payment may also change as described in Section F, below.

**(E) Payment Options**

Additional payment options, such as: (i) a fully-amortizing payment (i.e., a payment that would be sufficient to repay the unpaid principal balance in full on the Maturity Date in substantially equal installments at the current Fully Indexed Rate); (ii) an interest-only payment (i.e., a payment equal to the interest accrued on the principal balance at the Fully Indexed Rate); and, (iii) a 15-year amortization option, may, at the Note Holder's discretion, be shown on my monthly statement. These payment options are shown for my convenience and may change each month based on changes in the Index (as described in Section 2 (D) ) and changes in the amount of my principal balance. Although none of these optional payments is required, a timely payment made in accordance with any payment option shown on my monthly statement will be deemed to be in compliance with the terms of this Note. In all events, a payment option offered on my monthly statement will never be less than my Minimum Payment.

**(F) Payment Limitations**

In all events, my unpaid principal balance can never exceed 110 percent of the principal amount I originally borrowed ("Original Balance"). If on any monthly statement any payment would cause my principal balance to exceed that maximum amount, my Minimum Payment on that statement will be adjusted to an amount that would cause my unpaid principal balance to equal 110 percent of my Original Balance. Thereafter, until otherwise changed in accordance with the terms of this Note, my Minimum Payment will be adjusted to an amount which would be sufficient to repay my then unpaid principal balance in full on the Maturity Date at my current interest rate in substantially equal payments.

**4. NOTICES OF CHANGES**

The Note Holder will deliver or mail to me a notice of any changes in the amount of my Minimum Payment at least 25 days before the effective date of any change. The notice will contain the interest rate or rates applicable to my loan for each month since the prior notice or, for the first notice, since the date of this Note, and the payment amount applicable to the loan. The notice will also include information required by law to be given to me, and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. I may make a full prepayment or partial prepayments, without paying any prepayment charge (subject to any Prepayment Penalty Addendum included in the Loan Documents). The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. A partial prepayment, will not result in a change in the amount or due dates of any of my monthly payment options unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of some of my payment options after the first Payment Change Date following my partial prepayment. However, any reduction due to my partial prepayment could be offset by an interest rate increase. My partial prepayment will not affect the amount of my Minimum Payment following my partial prepayment unless I comply with the following: (1) notify the Note Holder in writing of my desire to have the Minimum Payment recalculated prior to the next scheduled Payment Change Date; (2) execute the loan modification documents required by the Note Holder to effectuate said recalculation; and (3) pay to the Note Holder a $500.00 modification fee.

QLS 0024



MIN

6.  LOAN CHARGES
    If a law, which applies to this loan and which sets maximum loan charges (the "Maximum Rate"), is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then, as my sole remedy (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

7.  BORROWER'S FAILURE TO PAY AS REQUIRED
    (A) Late Charges for Overdue Payments
    If the Note Holder has not received the full amount of any monthly payment by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the late charge will be five (5) percent of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
    (B) Default
    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
    (C) Notice of Default
    If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.
    (D) No Waiver by Note Holder
    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
    (E) Payment of Note Holder's Costs and Expenses
    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

8.  GIVING OF NOTICES
    Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above, or at a different address if I give the Note Holder a notice of my different address. Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3 (A) above or at a different address if I am given a notice of that different address.

9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE
    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

5FXC2-Multi   Rev. 11/25/2002
11218803

Page 4 of

QLS 0025

QLS 0026

MIN

10.   WAIVERS        I and any other person who has obligations under this Note waive rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11.   UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.   Some of these conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower.   If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of the Security Instrument.  Lender shall also not exercise this option if:  (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in the Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption.  Lender may also require the transferee to sign an Assumption Agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in the Security Instrument. Borrower will continue to be obligated under the Note and Security Instrument unless Lender releases Borrower in writing.  If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument.  If the Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

Witness the Hand(s) and Seal(s) of the Undersigned.

_____  8-11-04          _____
MARTHA S. ESPIRITU         Date              Date

_____                   _____
                           Date              Date

SFXC2-Multi   Rev. 11/25/2002               Page 5 of 5
11218603

QLS 0027

Pay To The Order of

U.S. Bank, N.A. as Trustee
Without Recourse To
Chevy Chase Bank, F.S.B.

Darlene K. Opalski
Assistant Secretary

QLS 0028

# EXHIBIT 6

Priority Posting   Publishing
Order # P1131008
TS # NV-14-625880-AB


A   IDAVIT O   SERVICE


State of Nevada )
County of Clark)


I, Kevin Dunn, state:


That at all times herein I have been a citizen of the United States, over 18 years of age, and am not a party to, or interested in, the proceeding in which this affidavit is made.


I served Martha S. Espiritu   with a copy of the Danger Notice, with a copy of the Promissory Note attached to it, on 2/9/2015 at approximately 11:10 AM, by:


After attempting to serve, I personally posted a copy of the Danger Notice and Promissory Note on the property in the manner prescribed pursuant to NRS 107.085, upon information and belief, at least 60 days before the date of sale, in a conspicuous place on the property, which is located at:


> 10659 Mystic Seaport Avenue
> Las Vegas NV 89129


I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.


Dated 2/9/2015                                                    Nevada Legal Support Services LLC


Kevin Dunn, 1675964
930 S. 4th Street, Suite 200
Las Vegas, NV 89101
(702) 382-2747
NV License #1711


NVLSS ID# 500032      16
COUNT   O   SERVICE: CLARK
SERVER: Kevin Dunn


QLS 0029





Photos ta en by: Kevin Dunn      County: CLARK     133          Nevada Legal Support Services LL
Photo Date: 2 9 2015   Ti  e: 11:10 AM   NLN ID# 500032 Page 1 o  1      930 S. 4th Street  Suite 200
Pri  ary Borro  er: Martha S. Espiritu                              Las Vegas  NV 89101
Property Address: 10659 Mystic Seaport Avenue  Las Vegas NV 89129      02  382-2  4  NV. Lic. #1  11
          Priority Posting & Publishing     Order # P1131008 TS#NV-14-625880-AB

QLS 0030

# EXHIBIT 7

## AFFIDAVIT OF MAILING

| | |
|---|---|
| Date: | **4/30/2015** |
| T.S. No.: | **NV-14-625880-AB** |
| Mailing: | **Notice of Sale and Notice to Tenant** |

STATE OF *California*)
COUNTY OF *San Diego*)

The declarant, whose signature appears below, states that (s)he is over the age of eighteen (18) years; is employed in San Diego County that his/her business address is at 2763 Camino Del Rio S., 1st FL San Diego CA 92108, It is further declared that (s)he is readily familiar with business practices relative to the mailing of documents and that on **4/30/2015**, a copy of the Notice of Sale and Notice to Tenant, of which the attached is a true and correct copy, was mailed in the ordinary course of business. The copy of the Notice of Sale and Notice to Tenant was placed in a sealed envelope and addressed to the person(s)/entity(ies) set forth below. Said mailing was sent by certified or registered mail and first class, with postage prepaid and then delivered to the United States Postal Service for delivery.

I declare under penalty of perjury that the foregoing is true and correct.

IDSolutions, Inc., as Authorized Agent for QUALITY LOAN SERVICE CORPORATION

Date: 4/30/2015

Affiant Wai Tang, as Authorized Signor of IDSolutions, Inc.

MARTHA S. ESPIRITU
10659 MYSTIC SEAPORT AVE
LAS VEGAS, NV 89129
First Class and Cert. No. 71039628594221630224

MARTHA S. ESPIRITU
10659 MYSTIC SEAPORT AVE
LAS VEGAS, NV 89129
First Class and Cert. No. 71039628594221630248

MARTHA ESPIRITU
10659 MYSTIC SEAPORT AVE
LAS VEGAS, NV 89129
First Class and Cert. No. 71039628594221630293

MARTHA S ESPIRITU
10659 MYSTIC SEAPORT AVENUE

QLS 0034

LAS VEGAS, NV 89129
First Class and Cert. No. 71039628594221630316

LONE MOUNTAIN VISTAS COMMUNITY ASSOCIATION C/O HAMPTON & HAMPTON
8965 S PECOS RD SUITE 9A
HENDERSON, NV 89074
First Class and Cert. No. 71039628594221630378

REPUBLIC SILVER STATE DISPOSAL, INC., DBA REPUBLIC SERVICES
P.O. BOX 98508
LAS VEGAS, NV 89193-8508
First Class and Cert. No. 71039628594221630392

CITY OF LAS VEGAS SEWER
495 S MAIN ST
LAS VEGAS, NV 89101
First Class and Cert. No. 71039628594221630453

LONE MOUNTAIN VISTAS COMMUNITY ASSOCIATION
C/O MESA MANAGEMENT
9512 W FLAMINGO RD #102
LAS VEGAS, NV 89147
First Class and Cert. No. 71039628594221630484

REPUBLIC SERVICES
P.O. BOX 98508
LAS VEGAS, NV 89193-8508
First Class and Cert. No. 71039628594221630521

FIDELITY NATIONAL TITLE GROUP
JACKIE JACKSON
601 RIVERSIDE AVENUE
JACKSONVILLE, FL 32204
First Class and Cert. No. 71039628594221630552

Occupant/Resident
10659 MYSTIC SEAPORT AVE
LAS VEGAS, NV 89129
First Class and Cert. No. 71039628594221630590

QLS 0035

## NOTICE TO TENANTS OF THE PROPERTY

Foreclosure proceedings against this property have started, and a notice of sale of the property to the highest bidder has been issued. You may either: (1) terminate your lease or rental agreement and move out; or (2) remain and possibly be subject to eviction proceedings under chapter 40 of the Nevada Revised Statutes. Any subtenants may also be subject to eviction proceedings. Between now and the date of the sale, you may be evicted if you fail to pay rent or live up to your other obligations to the landlord. After the date of the sale, you may be evicted if you fail to pay rent or live up to your other obligations to the successful bidder, in accordance with chapter 118A of the Nevada Revised Statutes.

Under the Nevada Revised Statutes eviction proceedings may begin against you after you have been given a notice to quit. If the property is sold and you pay rent by the week or another period of time that is shorter than 1 month, you should generally receive notice after not less than the number of days in that period of time. If the property is sold and you pay rent by the month or any other period of time that is 1 month or longer, you should generally receive notice at least 60 days in advance. Under Nevada Revised Statutes 40.280, notice must generally be served on you pursuant to chapter 40 of the Nevada Revised Statutes and may be served by: (1) Delivering a copy to you personally in the presence of a witness; (2) If you are absent from your place of residence or usual place of business, leaving a copy with a person of suitable age and discretion at either place and mailing a copy to you at your place of residence or business; or (3) If your place of residence or business cannot be ascertained, or a person of suitable age or discretion cannot be found there, posting a copy in a conspicuous place on the leased property, delivering a copy to a person residing there, if a person can be found, and mailing a copy to you at the place where the leased property is.

If the property is sold and a landlord, successful bidder or subsequent purchaser files an eviction action against you in court, you will be served with a summons and complaint and have the opportunity to respond. Eviction actions may result in temporary evictions, permanent evictions, the awarding of damages pursuant to Nevada Revised Statutes 40.360 or some combination of those results. Under the Justice Court Rules of Civil Procedure: (1) You will be given at least 10 days to answer a summons and complaint; (2) If you do not file an answer, an order evicting you by default may be obtained against you; (3) A hearing regarding a temporary eviction may be called as soon as 11 days after you are served with the summons and complaint; and (4) A hearing regarding a permanent eviction may be called as soon as 20 days after you are served with the summons and complaint.

APN No.: 137-01-213-021
Recording requested by:

When recorded mail to:
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

---

Space above this line for recorders use only

TS No.: **NV-14-625880-AB**
Order No.: **140117123-NV-VOI**

It is hereby affirmed that this document submitted for recording does not contain the social security number of any person or persons. (Per NRS 239B.030).

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 8/11/2004.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank and authorized to do business in this state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

| | |
|---|---|
| Trustor(s): | **MARTHA S. ESPIRITU , AN UNMARRIED WOMAN** |
| Recorded: | **8/17/2004 as Instrument No. 20040817-0000750**   of Official Records in the office of the Recorder of CLARK County, Nevada; |

| | |
|---|---|
| Date of Sale: | **5/22/2015 at 10:00 AM** |
| Place of Sale: | **At the Office of the Nevada Legal News Located at 930 South 4th Street Las Vegas, Nevada 89101** |
| Amount of unpaid balance and other charges: **$202,008.73** | |
| The purported property address is: | **10659 MYSTIC SEAPORT AVE, LAS VEGAS, NV 89129** |

This property is sold as-is, lender is unable to validate the condition, defects or disclosure issues of said property and buyer waives the disclosure requirements under NRS 113.130 by purchasing at this sale and signing the receipt of sale.  The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.  If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive**

QLS 0038

remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

QLS 0040

TS No.: NV-14-625880-AB

Date:                 **Quality Loan Service Corporation**
                     **411 Ivy Street**
                     **San Diego, CA 92101**
                     **619-645-7711 For NON SALE information only**
                     **Sale Line: 702-382-2747 or Login to:**
                     **https://www.nevadalegalnews.com/trustee_sales/index.php**
                     **TS No. : NV-14-625880-AB**
                     **Reinstatement Line: 619-645-7711**

                     Quality Loan Service Corp.

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of: <u>California</u>

County of: <u>San Diego</u>

On _____ before me, _____ a notary public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.              **(Seal)**

_____

Signature

QLS 0041

# EXHIBIT 8

IDSolutions, Inc.
Order # NV-14-625880-AB
TS # NV-14-625880-AB

AFFIDAVIT OF POSTING NOTICE OF TRUSTEE'S SALE

State of Nevada )
County of Clark)

I, Sabrina Callaway, state:

That at all times herein I have been a citizen of the United States, over 18 years of age, and am not a party to, or interested in, the proceeding in which this affidavit is made.

On 4/30/2015, I posted a copy of the Notice of Trustee's Sale pursuant to NRS 107.080, concerning Trustee Sale NV-14-625880-AB, in a public place in the county where the property is situated, to wit:

NEVADA LEGAL NEWS, 930 S FOURTH ST, LAS VEGAS

The purported owner and address of the property contained in the Notice of Trustee's Sale being:

Martha S. Espiritu, 10659 Mystic Seaport Avenue, Las Vegas NV 89129.

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

Dated 4/30/2015

Nevada Legal Support Services LLC

Sabrina Callaway
930 S. 4th Street, Suite 200
Las Vegas, NV 89101
(702) 382-2747
NV License #1711

NVLSS ID# 505868        69
COUNT   OF SERVICE: CLARK
SERVER: Sabrina Callaway
  UALIT   LOAN SERVICE

QLS 0032

# EXHIBIT 9

IDSolutions, Inc.
Order # NV-14-625880-AB
TS # NV-14-625880-AB


AFFIDAVIT OF POSTING


State of Nevada )
County of Clark)


I, Annette Miller, state:


That at all times herein I have been a citizen of the United States, over 18 years of age, and am not a party to, or interested in, the proceeding in which this affidavit is made.


On 4/30/2015 at approximately 5:18 PM, I personally posted a copy of the Notice of Sale , as well as a copy of the Notice to Tenants of the Property, on the property in the manner prescribed pursuant to NRS 107.087, in a conspicuous place on the property, upon information and belief, at least 15 days before the date of sale, which is located at:


           10659 Mystic Seaport Avenue
           Las Vegas NV 89129


I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.


Dated 4/30/2015                         Nevada Legal Support Services LLC

Annette Miller, 3036990
930 S. 4th Street, Suite 200
Las Vegas, NV 89101
(702) 382-2747
NV License #1711


NVLSS ID# 505868     69
COUNT   OF SERVICE: CLARK
SERVER: Annette Miller

QLS 0031







Photos ta en by: Annette Miller    County: CLARK   1
Photo Date: 4  0 2015   Ti e: 5:18 PM   NLN ID# 505868  Page 1 o  1
Pri  ary Borrower: Martha S. Espiritu
Property Address: 10659 Mystic Seaport Avenue, Las Vegas NV 89129

Nevada Legal Support Services LL
9 0 S. 4th Street, Suite 200
Las Vegas, NV 89101
 02  82-2 4  NV. Lic. #1 11

IDSolutions, Inc.    Order # NV-14-625880-AB TS#NV-14-625880-AB

# EXHIBIT 10

Inst #: 20150515-0001854
Fees: $19.00
N/C Fee: $0.00
06/15/2016 12:21:11 PM
Receipt #: 2424448
Requestor:
SERVICELINK TITLE AGENCY IN
Recorded By: MAT   Pgs: 3
DEBBIE CONWAY
CLARK COUNTY RECORDER

APN No.: 137-01-213-021
Recording requested by:

When recorded mail to:
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

---

Space above this line for recorders use only

TS No.: NV-14-625880-AB
Order No.: 140117123-NV-VOI

It is hereby affirmed that this document submitted for recording does not contain the social security number of any person or persons. (Per NRS 239B.030).

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 8/11/2004. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank and authorized to do business in this state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

Trustor(s):       MARTHA S. ESPIRITU , AN UNMARRIED WOMAN
Recorded:        8/17/2004 as Instrument No. 20040817-0000750   of Official Records in the office
                 of the Recorder of CLARK County, Nevada;

Date of Sale:      5/22/2015 at 10:00 AM
Place of Sale:     At the Office of the Nevada Legal News Located at 930 South 4th Street
                   Las Vegas, Nevada 89101
Amount of unpaid balance and other charges: $202,008.73
The purported property address is:       10659 MYSTIC SEAPORT AVE, LAS VEGAS,
                                         NV 89129

This property is sold as-is, lender is unable to validate the condition, defects or disclosure issues of said property and buyer waives the disclosure requirements under NRS 113.130 by purchasing at this sale and signing the receipt of sale. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

QLS 0042

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

OLS 0043

TS No.: NV-14-625880-AB

Date: 5/12/2015

**Quality Loan Service Corporation**
**411 Ivy Street**
**San Diego, CA 92101**
**619-645-7711 For NON SALE Information only**
**Sale Line: 702-382-2747 or Login to:**
**https://www.nevadalegalnews.com/trustee_sales/index.php**
**TS No. : NV-14-625880-AB**
**Reinstatement Line: 619-645-7711**

Quality Loan Service Corp/by: Ronald Alonzo, as Authorized Agent.

---

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of: California)

County of: San Diego)

On ___MAY 1 2 2015___ before me, **Christine Marie Bitanga** a notary public, personally appeared Ronald Alonzo, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    **(Seal)**

Signature Christine Marie Bitanga

CHRISTINE MARIE BITANGA
Commission # 2041697
Notary Public - California
San Diego County
My Comm. Expires Sep 17, 2017

QLS 0044

# EXHIBIT 11

# AFFIDAVIT OF AUTHORITY TO EXERCISE THE POWER OF SALE

<u>Borrower(s):</u>
MARTHA S. ESPIRITU

<u>Trustee Name and Address:</u>
Quality Loan Service Corp.
411 Ivy Street
San Diego, CA 92101

<u>Property Address:</u>
10659 MYSTIC SEAPORT AVE
LAS VEGAS, NV 89129

<u>Deed of Trust Document:</u>
Instrument No. 20040817-0000750

STATE OF ___TEXAS___ )
                     ) ss:
COUNTY OF___COLLIN___ )

The affiant, _____Dolores A. Murry_____, being first duly sworn upon oath and under penalty of perjury, attests as follows:

1.      I am an employee of <u>Capital One, N.A.</u>  I am duly authorized to make this Affidavit for <u>Capital One, N.A.</u> in its capacity as the current beneficiary of the subject Deed of Trust ("Beneficiary") or the servicer for the current Beneficiary of the Deed of Trust.

2.      I have the personal knowledge required to execute this Affidavit, as set forth in NRS 107.080(2)(c) and can confirm the accuracy of the information set forth herein.  If sworn as a witness, I could competently testify to the facts contained herein.

3.      In the regular and ordinary course of business, it is <u>Capital One, N.A.</u>'s practice to make, collect, and maintain business records and documents related to any loan it originates, funds, purchases and/or services, including the Subject Loan (collectively, "Business Records").  I have continuing access to the Business Records for the Subject Loan, and I am familiar with the Business Records and I have personally reviewed the business records relied upon to compile this Affidavit.

4.      The full name and business address of the current trustee or the current trustee's representative or assignee is:

| Full Name | Street, City, State, Zip |
|---|---|
| Quality Loan Service Corp. | 411 Ivy Street San Diego, CA 92101 |

5.      The full name and business address of the current holder of the note secured by the Deed of Trust is:

APN: 137-01-213-021
File No.: NV-14-625880-AB                          -1-

| Full Name | Street, City, State, Zip |
|---|---|
| US Bank, NA as trustee relating to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2004-4 | c/o Capital One, N.A. 7933 Preston Road Plano, TX 75024 |

     6.    The full name and business address of the current Beneficiary of record of the Deed of Trust is:

| Full Name | Street, City, State, Zip |
|---|---|
| US Bank, NA as trustee relating to the Chevy Chase Funding LLC Mortgage Backed Certificates, Series 2004-4 | c/o Capital One, N.A. 7933 Preston Road Plano, TX 75024 |

     7.    The full name and business address of the current servicer of the obligation or debt secured by the Deed of Trust is:

| Full Name | Street, City, State, Zip |
|---|---|
| Capital One, N.A. | Capital One, N.A. 7933 Preston Road Plano, TX 75024 |

     8.    The Beneficiary, its successor-in-interest, or the trustee of the Deed of Trust has: (I) actual or constructive possession of the note secured by the Deed of Trust; and/or (II) is entitled to enforce the obligation or debt secured by the Deed of Trust.  If the latter is applicable and the obligation or debt is an "instrument," as defined in NRS § 104.3103(2), the Beneficiary, successor-in-interest to the Beneficiary, or trustee entitled to enforce the obligation or debt is either: (1) the holder of the instrument constituting the obligation or debt; (2) a nonholder in possession of the instrument who has the rights of the holder; or (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to a court order issued NRS § 104.3309.

     9.    The Beneficiary, its successor-in-interest, the trustee, the servicer of the obligation or debt secured by the Deed of Trust, or an attorney representing any of those persons, has sent to the obligor or borrower of the of the obligation or debt secured by the Deed of Trust a written statement containing the following information (I) the amount of payment required to make good the deficiency in performance or payment, avoid the exercise of the power of sale and reinstate the underlying obligation or debt, as of the date of the statement; (II) The amount in default; (III) the principal amount of the obligation or debt

APN: 137-01-213-021
File No.: NV-14-625880-AB                -2-

QLS 0010

secured by the Deed of Trust; (IV) the amount of accrued interest and late charges; (V) a good faith estimate of all fees imposed in connection with the exercise of the power of sale; (VI) contact information for obtaining the most current amounts due and a local or toll free telephone number where the obligor or borrower of the obligation or debt may call to receive the most current amounts due and a recitation of the information contained in this Affidavit.

        10.     The borrower or obligor may utilize the following toll-free or local telephone number to inquire about the default, obtain the most current amounts due, receive a recitation of the information contained in this Affidavit, and/or explore loss mitigation alternatives: .

        11.     Pursuant to my personal review of the business records of the Beneficiary, the successor in interest of the Beneficiary, and/or the business records of the servicer of the obligation or debt secured by the Deed of Trust; and/or the records of the county recorder where the subject real property is located; and or the title guaranty or title insurance issued by a title insurer or title agent authorized to do business in the state of Nevada, the following is the (I) date, (II) recordation number (or other unique designation); and (III) assignee of each recorded assignment of the subject Deed of Trust:

//

//

//

APN: 137-01-213-021
File No.: NV-14-625880-AB          -3-

QLS 0011

| Recorded Date | Recording Number | Name of Assignor | Name of Assignee |
|---|---|---|---|
| 6/21/2012 | 201206210002535 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CHEVY CHASE BANK, F.S.B. its successors and assigns | US BANK, NA AS TRUSTEE RELATING TO THE CHEVY CHASE FUNDING LLC MORTGAGE BACKED CERTIFICATES, SERIES 2004-4 |

Signed By: _Dolores A. Murry_          Dated: January 5, 2015

Print Name: _Dolores A. Murry_

STATE OF __TEXAS__          )
                                        ) ss:
COUNTY OF __COLLIN__          )

On this __5th__ day of ____January____, __2015__, personally appeared before me, a Notary Public, in and for said County and State, ____Dolores A. Murry____, known to me to be the persons described in and who executed the foregoing instrument in the capacity set forth therein, who acknowledged to me that he/she executed the same freely and voluntarily and for the uses and purposes therein mentioned.

_____
NOTARY PUBLIC IN AND FOR
SAID COUNTY AND STATE

> PERRY LARON PARKER
> Notary Public, State of Texas
> My Commission Expires
> October 31, 2016

APN: 137-01-213-021
File No.: NV-14-625880-AB          -4-