Matthew L. Johnson (6004)
Russell G. Gubler (10889)
JOHNSON & GUBLER, P.C.
Lakes Business Park
8831 W. Sahara Ave.
Las Vegas, NV 89117
Phone: (702) 471-0065
Fax: (702) 471-0075
Email: rgubler@mjohnsonlaw.com

Attorneys for Plaintiff,
MARTHA S. ESPIRITU

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARTHA S. ESPIRITU,<br><br>        Plaintiff,<br><br>vs.<br><br>CAPITAL ONE, N.A., a national association; PINTAR INVESTMENT COMPANY RESIDENTIAL, L.P., a Delaware limited partnership; QUALITY LOAN SERVICE CORPORATION, a California corporation; PACIFIC COAST TITLE COMPANY, a California corporation; DOES I through X, and ROE CORPORATIONS I through X, inclusive,<br><br>        Defendant. | Case No. 2:15-CV-01933-JAD-PAL<br><br>Removed From: Clark County, Nevada District Court Case No. A-15-723597-C, Dept. XXXI<br><br>**RESPONSE TO NOTICE REGARDING INTENTION TO DISMISS PURSUANT TO RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE [ECF 60]** |

    Plaintiff, MARTHA S. ESPIRITU ("Plaintiff"), hereby responds to the Court's Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure [ECF 60], and would show:

    1.    On August 25, 2015, Espiritu filed a Complaint in the Eighth Judicial District Court of Nevada, Case No. A-15-723597-C, *Espiritu v. Capital One, N.A.*, wherein Pacific Coast

1

Title Company ("Pacific") was named as a defendant. ECF 1-1. Eventually, the case was removed to this Court. ECF 1.

2.      The Complaint alleged, among other things, that Pacific did not comply with NRS 107.080, NRS 107.086, and NRS 107.087, and attributed to Plaintiff's damages. ECF 1-1.

3.      On October 23, 2015, the summons and Complaint, among other documents, were served on Pacific Coast Title Company via its registered agent. ECF 16. Nevertheless, Pacific never answered the Complaint or appeared.

4.      Upon a motion to dismiss, the Court allowed Plaintiff to amend the pleadings. On March 10, 2016, the First Amended Complaint was filed herein, still alleging that Pacific violated provisions of NRS 107. ECF 38.

5.      The parties have conducted discovery, and filed dispositive motions. *See* ECF 40, 47.

6.      On July 11, 2016, the Court filed the Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. ECF 60.

7.      FRCP 4(m) provides, "If a defendant is not served within 90 days after ***the complaint*** is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. ***But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.***" Fed. R. Civ. P. 4(m) (emphasis added).

8.      Rule 4(m) requires that the party be served within 90 days after the complaint is filed. Plaintiff served the original complaint within the 90 day period and believed that she had complied with the rule. Accordingly, Plaintiff requests that the Court find that Plaintiff was compliant, and that the Court not dismiss the action.

9.      Alternatively, "good cause" under FRCP 4(m) is determined on a case by case basis and, at a minimum, good cause means excusable neglect. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

10.     Good cause exists if "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*

11.     In this matter, as explained above, Pacific was served with the original complaint and received actual notice of the lawsuit. Similarly, because Pacific was actually served and determined not to answer the complaint, Pacific will not be prejudiced. Further, because Pacific was one of the parties that contributed to Plaintiff's damages, Plaintiff will be prejudiced if Pacific is dismissed from this case. Accordingly, Plaintiff requests that the Court not dismiss the action as to Pacific (or any other party).

12.     Alternatively, even without a showing of good cause, a district court may utilize its "broad" discretion to extend the time for service. *Id.* at 513.

13.     The district court may extend time for service of process retroactively after the service period has expired. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).

14.     After receiving the Notice, Plaintiff served Pacific both via U.S. Mail, and by process server, with the First Amended Complaint. *See* ECF 61, 62. As of the date of this Response, Pacific has still failed to respond.

////

////

15.     Accordingly, Plaintiff requests that the Court find that Plaintiff was compliant with FRCP 4(m). Further, Plaintiff requests that the Court find that good cause exists, and to extend the time for service of the Summons and Amended Complaint.

Dated this 28th day of July, 2016.

JOHNSON & GUBLER, P.C.

/s/ Matthew L. Johnson
_____
Matthew L. Johnson (6004)
Russell G. Gubler (10889)
Lakes Business Park
8831 W. Sahara Ave.
Las Vegas, NV 89117

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of JOHNSON & GUBLER, P.C. and that on this 29th day of July, 2016, I caused the above and foregoing RESPONSE TO NOTICE REGARING INTENTION TO DISMISS PURSUANT TO RULE 4(m) OF THE FEDERAL RULES OF CIVIL PROCEDURE [ECF 60] to be served:

[X]   Pursuant to Fed. R. Civ. P. 5(b) and Section IV of District of Nevada Electronic Filing Procedures, to be served **via electronic service**; or

[ ]   by placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada; or

[ ]   Pursuant to FRCP 5(b)(2)(D), to be sent **via facsimile;** or

[ ]   to be hand-delivered;

to the persons listed below at the address and/or facsimile number indicated below:

*See* **electronic service matrix.**

_____
Employee of Johnson & Gubler

5