UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Martha Espiritu,<br><br>        Plaintiff<br><br>v.<br><br>Capital One, N.A., a national association, et al.<br><br>        Defendants | 2:15-cv-001933-JAD-PAL<br><br>**Order Denying Motion to Dismiss**<br><br>**[ECF Nos. 40, 47]** |

    Plaintiff Martha Espiritu alleges that she lost her home to foreclosure without legal notice, and she alleges a single declaratory-relief claim seeking to set aside the sale.[1] Foreclosing lender Capital One offers documents it contends demonstrate that Espiritu received all statutorily required notice and moves to dismiss her suit under FRCP 12(b)(6).[2] I decline to convert this motion to dismiss into one for summary judgment by evaluating evidence beyond the four corners of the complaint. I then deny the motion to dismiss because the factual allegations, which I take as true at this stage of the litigation, state a plausible claim for relief.

## Discussion

    Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[3] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[4] This "demands more than an unadorned,

---

[1] ECF No. 38.

[2] ECF No. 40.

[3] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[4] *Twombly*, 550 U.S. at 570.

the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[5] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[6]

    District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[7] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[8] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[9] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[10]

    A true FRCP 12(b)(6) motion to dismiss tests the sufficiency of the complaint on its face. If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[11] "FRCP 12(b)(6) specifically gives courts the discretion to accept and consider extrinsic materials offered in connection with these motions, and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings."[12]

---

[5] *Iqbal*, 556 U.S. at 678.

[6] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[7] *Iqbal*, 556 U.S. at 678–79.

[8] *Id*.

[9] *Id.* at 679.

[10] *Id.*

[11] Fed. R. Civ. P. 12(d).

[12] *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).

I decline Capital One's tacit invitation to convert its motion—entitled a motion to dismiss "for failure to state a claim pursuant to FRCP 12(b)(6)"—into a summary-judgment motion by considering the exhibits attached to its motion.  The motion was filed just days after the amended complaint and nearly five months before discovery closed.[13]  Capital One's dismissal argument is entirely based on documents outside the pleadings.[14]  In her opposition and alternative countermotion for summary judgment, Espiritu notes that she was in the middle of discovery at the time she prepared her opposition, and she had not even received responses to the discovery requests she had propounded.[15]  In the event the court treats the motion as one for summary judgment, she asks that the motion be denied under FRCP 56(d),[16] and she disputes the authenticity of Capital One's documents.[17]  Because the motion was filed with so much time left in the discovery phase, and with so much discovery left to perform, I find that fairness and judicial economy dictate that I do not convert this motion into one for summary judgment.

When I consider the complaint under the *Iqbal* and *Twombly* plausibility standard, I find that it sufficiently states a claim for relief.  Notably, Capital One's motion challenges the merits of plaintiff's allegations, not their sufficiency under FRCP 12(b)(6).  Capital One's argument is thus not that plaintiff has not pled enough facts to state her claim, but that her allegations—when tested against the evidence—will prove to be false.  This may be borne out by Capital One's pending motion for summary judgment (should Capital One's motion for its belated filing be granted) but this point is irrelevant for motion-to-dismiss purposes because I must accept all

---

[13] ECF No. 35.

[14] *See generally* ECF No. 40.

[15] ECF No. 43 at 2.

[16] *Id*. at 20.

[17] *Id.* at 5.  I disagree with Capital One's footnoted notion that I may consider its eighteen exhibits without converting its motion to dismiss into one for summary judgment because the documents are all referenced in the complaint.  *See* ECF No. 40 at 5, n.3.  The documents referenced in the complaint are not sufficiently identified for me to determine whether they are the same ones attached to the motion to dismiss.  And plaintiff disputes their authenticity.

well-pled factual allegations as true.  And whether or not Espiritu can ultimately prove that she was not provided with legal and proper notice of the foreclosure sale, she has plainly alleged that she did not receive it.[18]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Capital One's Motion to Dismiss First Amended Complaint for Failure to State a Claim Pursuant to FRCP 12(b)(6) **[ECF No. 40] is DENIED**; and

IT IS FURTHER ORDERED that Plaintiff's Countermotion for Summary Judgment **[ECF No. 47] is DENIED**.

Dated November 17, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[18] *See* ECF No. 38 at ¶¶ 15–22.