# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Martha Espiritu, | 2:15-cv-01933-JAD-PAL |
| Plaintiff | **Order Granting Defendant's Motion for Summary Judgment** |
| v. | [ECF Nos. 74, 82, 102] |
| Capital One, N.A., et al., | |
| Defendants | |

Martha Espiritu stopped paying her home mortgage, and after living in her home rent free for nearly two years, the defendant banks foreclosed on her. Although someone bought the home at public auction in the summer of 2015, Espiritu continues to live there.

Espiritu brings this action asking that I unwind that foreclosure sale. She does not deny that she has not paid her mortgage in several years. Instead, she contends that I should void the sale because the defendants made some minor procedural mistakes during the foreclosure process (such as failing to ensure that a toll-free number was in a disclosure). The defendants deny that they made any procedural mistakes during the foreclosure, and they contend that, in any event, these mistakes do not warrant unraveling a foreclosure sale. I previously dismissed most of Espiritu's causes of action without leave to amend, but I allowed her to proceed with a single cause of action against defendants for violating Nevada's foreclosure statute, NRS 107.080.[1] Defendants now move for summary judgment on that claim.[2]

Espiritu primarily brings her claim under NRS 107.080(8). But this section offers no help to

---

[1] ECF No. 34.

[2] Some defendants filed an initial motion for summary judgment, ECF No. 74, and another joined it. ECF No. 82. Espiritu also objects to Magistrate Judge Leen's decision striking Espiritu's request for a jury. ECF No. 102. Because I grant summary judgment against Espiritu, I overrule her objection as moot.

her now that the home has been sold and title transferred—it is a remedy available only to the current titleholder and only for future sales. Espiritu argues that I should interpret NRS 107.080(8) as allowing those who held title at the time of the sale (as Espiritu did) to challenge a foreclosure. But this statute makes clear who can bring a challenge prior to a sale, and who can bring one after. And Espiritu is in the first camp.

Espiritu also argues that I should unwind the sale under NRS 107.080(5). But this provision applies only if the defendants failed to substantially comply with the statute's procedural requirements. The undisputed evidence shows that, although the defendants may have made some technical mistakes, they substantially complied with the requirements of the foreclosure process. I therefore grant the defendants' motion.

## Background

Espiritu purchased her home in early 2003 with a mortgage.[3] She made payments on this mortgage for years before falling into default in December 2013.[4] Espiritu failed to make any payments for the following year and a half, so in May 2015, the defendants recorded a notice of foreclosure sale with Clark County.[5] In July 2015, Espiritu's home was sold at public auction to defendant Pintar Investment Company LP for over $200,000.[6] Between the day Espiritu stopped paying her mortgage and the foreclosure sale, Espiritu alleges that she was trying to negotiate with the defendants.

Espiritu does not dispute that she was in default, and remains in default, on her mortgage obligations. Nor does she dispute that the notice of foreclosure was recorded with the county or that she continues to reside in the home despite that a third party purchased it more than a year ago. Instead, she disputes whether the defendants properly followed all of the procedures for foreclosing on real property set out in NRS 107.080. Espiritu accuses the defendants of failing to:

---

[3] ECF No. 74-1.

[4] ECF No. 74-6.

[5] ECF No. 74-17.

[6] ECF No. 74-5.

1. send a written statement containing all the information required by NRS 107.080(2)(c)(3) and NRS 107.080(4);

2. mail the notice of default and election to sell by registered mail or by certified mail, return receipt requested, with postage prepaid in compliance with NRS 107.080(3) and NRS 107.086(2)(a);

3. post the notice of sale required by NRS 107.087(1)(a)(2) in a conspicuous place on the property;

4. give proper notice of the time and place of the sale as required by NRS.107.080(4)(a) and NRS 107.087(1);

5. include in the "Affidavit of Authority to Exercise the Power of Sale" a local or toll-free telephone number as required by NRS 107.080(2)(c)(4); and

6. include in that same document a statement that the business records relied upon meet the standards set forth in NRS 51.135 as required by NRS 107.080(2)(c) and (2)(c)(5)(II).

For evidence to support these allegations, Espiritu largely relies on her own testimony that she did not receive the notices or that she did not see them. Defendants provide ample evidence that they mailed or recorded each document that they were supposed to.[7]

## Discussion

**A. Summary-judgment standards.**

The legal standard governing the parties' motions is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[8] An issue is "genuine" if the evidence

---

[7] ECF No. 74-7 (Debt Validation Notice sent by certified and first class mail to plaintiff); ECF No. 74-8 (Notice of Default mailed to plaintiff); *id.* (Notice of Breach and Default and of Election to Sell Under Deed of Trust recorded with Clark County Recorder's Office; ECF No. 74-9 (Notice of Default posted on subject property); ECF No. 74-11 (Foreclosure Mediation FAQ, enrollment waiver form, and Notice of Default sent certified mail and first class mail to plaintiff); ECF No. 74-12 (Warning Notice and Beneficiary Note sent to plaintiff via certified and first class mail); ECF No. 74-13 (Danger Notice and Promissory Note posted on Subject Property); ECF No. 74-14 (Notice of Sale and Notice to Tenant sent certified and first class mail to plaintiff); ECF No. 74-15 (Notice of Sale and Notice to Tenants posted at Subject Property); ECF No. 74-16 (Notice of Trustee's Sale posted at Nevada Legal News); ECF No. 74-17 (Notice of Trustee's Sale recorded with Clark County Recorder's Office).

[8] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

would permit a reasonable jury to return a verdict for the nonmoving party.[9] A fact is "material" if it could affect the outcome of the case.[10]

When considering a motion for summary judgment, I view all facts and draw all inferences in the light most favorable to the nonmoving party.[11] The purpose of summary judgment is "to isolate and dispose of factually unsupported claims"[12] and to determine whether a case "is so one-sided that one party must prevail as a matter of law."[13] It is not my role to weigh evidence or make credibility determinations.[14] If reasonable minds could differ on material facts, summary judgment is inappropriate.[15]

If the moving party shows that there is no genuine issue as to any material fact, the burden shifts to the nonmoving party, who must "set forth specific facts showing that there is a genuine issue for trial."[16] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; the nonmoving party "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[17]

**B.     Espiritu is not entitled to relief under NRS 107.080(8).**

Nevada Revised Statute NRS 107.080 lays out the hoops that lenders must jump through to

---

[9] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[10] *Id.* at 248.

[11] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[12] *Celotex Corp.*, 477 U.S. at 323–24.

[13] *Anderson*, 477 U.S. at 252.

[14] *Id.* at 249, 255.

[15] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[16] *Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 323.

[17] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

foreclose on a home. This statute also provides specific mechanisms that homeowners can use to challenge the foreclosure process.

The parties primarily dispute whether Espiritu is entitled to relief under subsection 8 of this statute. This provision allows the person who "holds title of record" to challenge an upcoming foreclosure sale if the trustee does "not comply with any requirement" of NRS 107.080. This subsection expressly provides its remedy: "An injunction enjoining the exercise of the power of sale until the . . . trustee complies with the requirements" of NRS 107.080(2)–(4) (which imposes notice and disclosure requirements for carrying out the foreclosures).[18]

Espiritu argues that she can use this statute to void the past sale of her home—despite that she no longer "holds title" and that the statute only authorizes an injunction to stop an upcoming "exercise" of a sale. She points out that another subsection of NRS 107.080, subsection 5, allows courts to "declare[] void" a prior sale, and that subsection 6 allows the person who "holds title of record on the date the notice of default" to take certain actions. Espiritu believes that subsection 8 somehow incorporates these provisions. But her interpretation is not reasonable.

Subsection 8 expressly limits who can use it: those who "hold title of record." It also expressly limits the remedies available: an injunction against the "exercise" of the sale—in other words, an injunction stopping the sale from happening in the first place. As the Ninth Circuit has explained, under Nevada law, the "foreclosure sale terminates all [the prior owner's] legal and equitable interests in the land."[19] Espiritu is thus no longer the title holder, and she certainly is not seeking to stop the exercise of the sale, which already happened—so NRS 107.080(8) is doubly foreclosed to her. And an injunction under this provision would be nonsensical for another reason: the injunction lasts only until the trustee files the disclosures and notices of the upcoming sale required by NRS 107.080(2)–(4). Because the sale has already happened, that would be impossible.

The other provisions that Espiritu points to cut against her arguments. The Ninth Circuit has already explained that the remedies in subsection 8 are distinct from those in NRS 107.080's other

---

[18] Nev. Rev. Stat. § 107.080(8).

[19] *Tae-Si Kim v. Kearney*, 546 F. App'x 677, 678 (9th Cir. 2013).

sections.[20] And this makes sense. That the legislature created separate provisions expressly allowing past titleholders like Espiritu to vacate a prior sale settles any question of whether the Nevada legislature meant to grant these same powers in NRS 107.080(8).[21] If the Nevada legislature meant to give past titleholders the power to void prior sales under NRS 107.080(8), it knew how to say so.[22] Espiritu has not persuaded me that she has standing to bring a claim under NRS 107.080(8).

**C.   Espiritu is not entitled to relief under NRS 107.080(5).**

Defendants suggest that I have already dismissed Espiritu's claim under NRS 107.080(5), so they largely ignore this provision in their briefing. But I never mentioned subsection 5 in my prior decision. I ruled that Espiritu's tort of wrongful foreclosure failed because she is in default, but I did not address a claim under subsection 5.[23] Defendants offer no authority suggesting that a statutory claim under NRS 107.080(5) requires that the plaintiff not be in default, and indeed, the Ninth Circuit has addressed the wrongful foreclosure tort and the statutory foreclosure challenge as two separate claims.[24]

But even assuming that Espiritu can bring a subsection 5 claim, she has not demonstrated a triable issue for this claim either. Subsection 5 authorizes a court to void a completed foreclosure under narrow, specified circumstances. Espiritu must show not just that the defendants committed

---

[20] *Robinson v. Am. Home Mortg. Servicing, Inc.*, 754 F.3d 772, 785 (9th Cir. 2014) (holding that the remedies in the two sections are distinct); *see also Phillips v. First Horizon Home Loan Corp.*, 2013 WL 1249919, at *3 (D. Nev. Mar. 25, 2013).

[21] Section 107.080(8) says that its remedies are "in addition" to the remedy provided in subsection 5. But it says nothing about the remedy in subsection 5 being available because a plaintiff shows a violation of subsection 8.

[22] Espiritu also cites *Valenzuela v. Lime Fin. Servs., Ltd.*, 2011 WL 221722, at *1 (D. Nev. Jan. 20, 2011), for the proposition that courts have broad authority to grant an injunction after foreclosure sales. But Espiritu is seeking relief under a specific statutory provision with a specific remedy; she is not seeking relief under the court's inherent injunctive powers. And *Valenzuela* dealt with a different statute with no relation to NRS 107.080, making it even more distinguishable.

[23] ECF No. 34.

[24] In *In re Mortg. Elec. Registration Sys., Inc.*, the Ninth Circuit first held that the tort of wrongful foreclosure requires that any default be cured by the homeowner. 754 F.3d 772, 785 (9th Cir. 2014). The court went on to separately analyze a statutory violation of NRS 107.080. *Id.*

some technical violation, but that they failed to "substantially comply" with the procedures in NRS §§ 107.086 and 107.087. Even when defendants have failed to post a notice of default on a property, filed notices late, or posted warning of the sale later than they should have—courts have held that they substantially complied so long as the homeowner received notice of the sale and cannot demonstrate any resulting harm.[25]

Espiritu admits that she saw the notice of default and the election to sell for her property, so she had notice of the sale. She admits that she was—and remains in—default, and she has not provided any evidence that she could have cured that default. So she has not shown any harm. Defendants provide ample evidence that they sent Espiritu all of the required notices and disclosures.[26] Espiritu claims that she never received them, but Nevada law requires only proof of sending, not proof of receipt.[27]

Espiritu does point out a couple of minor problems with the defendants' foreclosure process. But she has not shown that these minor violations were material. Indeed, the evidence indicates that Espiritu was provided this missing information in other disclosures.[28] Because Espiritu has not established a triable issue as to whether she is entitled to relief under NRS 107.080, I grant summary judgment in favor of defendants.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants' **motions for summary judgment [ECF Nos. 74, 82] are GRANTED.**

IT IS FURTHER ORDERED that Espiritu's objections to Magistrate Judge Leen's decision

---

[25] *Corn v. Recontrust Co.*, N.A., 2011 WL 1135943 at *6 (D.Nev. Mar. 24, 2011); *Leggett v. Fannie Mae*, 2012 WL 3222153, at *7 (D. Nev. Aug. 3, 2012).

[26] ECF Nos. 74-7; 74-8; 74-9; 74-11; 74-12; 74-13; 74-14; 74-15; 74-16; 74-17.

[27] *See Riehm v. Countrywide Home Loans, Inc.*, 2012 WL 3686798, at *3 (D. Nev. Aug. 27, 2012) ("Though Plaintiffs contend that they did not receive the notices, Nevada law requires only that a trustee send the notices by registered or certified mail, not that a trustee personally serve a plaintiff or that plaintiff receives actual notice.").

[28] ECF Nos. 74-8, 74-9 (notices sent to Espiritu that contained the toll-free number for information).

**[ECF No. 102] are OVERRULED as moot**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 17th day of May, 2017.

_____
Jennifer A. Dorsey
United States District Judge