1

2                     **UNITED STATES DISTRICT COURT**

3                            **DISTRICT OF NEVADA**

4

5    Martha Espiritu,                              2:15-cv-01933-JAD-PAL

6          Plaintiff                       **Order Granting Plaintiff's Motion to**
                                                **Stay Execution of Order**
7    v.
                                                  [ECF Nos. 113, 114]
8    Capital One, N.A., et al.,

9          Defendants

10

11        Martha Espiritu stopped making payments on her home mortgage back in 2013, and the

12   defendants foreclosed on the property.  In 2015, Espirirtu's home was sold at a public auction to a

13   third party.  But Espiritu continued to live there.  She then brought this case challenging the

14   foreclosure.

15        I recently granted summary judgment in favor of the defendants on all of Espiritu's claims.[1]

16   Espiritu has appealed and now asks that I stay judgment in this case until the appellate court renders

17   its decision.  Espiritu points out that unless the judgment is stayed, the defendants will be able to

18   oust her from the house, which will irreparably harm her.

19        In Nevada, real property is considered "unique" and the loss of real property "generally

20   results in irreparable harm."[2]  Although I remain unmoved by Espiritu's arguments that my prior

21   order was wrong,[3] given the injuries involved in disposing of real property, I do find that a stay is

22   _____

23   [1] ECF No. 111.

24   [2] *Dixon v. Thatcher*, 742 P.2d 1029, 1030 (Nev. 1987)

25   [3] In requesting a stay, Espiritu offers arguments about why she believes my prior order was
     erroneous.  Espiritu failed to raise some of these arguments in her initial opposition to the
26   defendant's summary judgment motions, so I decline to consider those.  Espiritu's other arguments
     remain unavailing.  She advocates for strained readings of Nevada's foreclosure statute, which
27   violate Nevada's canons of construction.  And she contends that she raised a triable issue of fact
     about whether the defendants sent her a notice of the foreclosure sale—but her only material
28

warranted here.

"To stay execution of judgment, a supersedeas bond is typically required."[4] "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment."[5]

Espiritu requests a $2,000 bond, which she contends will cover the costs of appeal. But a judgment bond is meant to do more than that: it protects the prevailing party's interests, including damages flowing from the delay caused by the stay. As long as the judgment is stayed, the defendants are deprived of their ongoing interest in this house. They are unable to rent the property, much less sell it. Being unable to sell or rent real property for the months or years that this case remains on appeal will cause real damage to the defendants. There is also no guarantee (and Espiritu offers none) that no harm will come to the property during this period.

The defendants request a much larger bond: $277,000, the appraised value of the home. But the defendants have not established that this number makes sense either. There is no indication that they will be unable to collect the home if the appeal comes out in their favor. They have thus not shown that they are at risk of losing the entire value of the property.

I find that the proper bond amount is a fair market rent of the property during the pendency of appeal.[6] I thus grant the stay subject to Espiritu's posting of a bond in the amount of $36,000. This

---

evidence is an unsupported accusation that the defendants are lying about sending the notices. There is simply not enough evidence for a reasonable jury to find that the defendants did not send Espiritu notice of the default and the sale.

[4] *Finley v. Hartford Life & Acc. Ins. Co.*, 2010 WL 2762737, at *1 (N.D. Cal. July 13, 2010); *see also Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n. 1 (9th Cir. 1987) ( "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required.").

[5] *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

[6] *See In re Roussos*, 2017 WL 571473, at *7 (Bankr. C.D. Cal. Feb. 10, 2017) (setting supersedeas bond in a real estate case at the fair market value of rent, noting that the inability to collect rent for a property and the possible depreciation of property while it's being occupied justified this bond).

number reflects my estimation that this case is likely to remain on appeal for 18 months and that a reasonable monthly rent of a home in this area is $2,000, based on my generalized knowledge of home and rental values in this community.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff's **motion for a stay [ECF Nos. 113] is GRANTED. Plaintiff is ordered to deposit $38,000 by close of business on July 10, 2017 for this stay to be effective.**

IT IS FURTHER ORDERED that plaintiff's **motion to shorten time [ECF Nos. 114] is DENIED** as moot.

Dated this 27th day of June, 2017.

_____
Jennifer A. Dorsey
United States District Judge